INDEX IN THE CASE OF:

MARION WILSON, JR.                                          APPELLANT

VERSUS

STATE OF GEORGIA                                            APPELLEE

1.  STATE WARRANT AND MITTIMUS.                             1 – 12

2.  INDICTMENT INDICTMENT, PLEA AND WITNESSES FOR THE
    STATE.                                                  13 – 15

3.  ORDER FILED JULY 1, 1996.                               16 – 16

4.  NOTICE OF STATUTORY AGGRAVATION CIRCUMSTANCES FILED
    JULY 22, 1996.                                          17 – 18

5.  ORDER FILED JULY 26, 1996.                              19 – 19

6.  NOTICE OF HEARING FILEDFEBRUARY 20, 1997.               20 – 21

7.  NOTICE OF ELECTION OFO.C.G.A. TITLE 17, ARTICLE 16 AND
    DEFENDANT'S REQUEST FOR DISCOVERY FILED MARCH 21, 1997. 22 – 24

8.  PETITION FOR PSYCHIATRIC EVALUATION EX PARTE, IN CAMERA,
    AND ON A SEALED RECORD FILED APRIL 14, 1997.            25 – 27

9.  ORDER GANTING LEAVE TO PROCEED FILED APRIL 14, 1997.    28 – 29

10. MOTION FOR LEAVE TO PROCEED FILED APRIL 14, 1997.       30 – 32

11. PETITON FOR SOCIOLOGICAL EVALUATION FILED APRIL 14, 1997. 33 – 35

12. ORDER APPOINTING COUNSEL FILED MAY 28, 1997.            36 – 36

13. MOTION FOR CHANGE OF VENUE FILED JUNE 24, 1997.         37 – 42

14. MOTION FOR NOTICE OF STATE WITNESSES FILED JUNE 24, 1997. 43 – 45

15. MOTION FOR DAILY TRANSCRIPT FILED JUNE 24, 1997.        46 – 48

16. MOTION FILED JUNE 24, 1997.                             49 – 52

17. DEMAND FOR INDICTMENT AND WITNESS LIST FILED JUNE 25,
    1997.                                                   53 – 54

18. REQUEST FOR DISCOVERY FILED JUNE 25, 1997.              55 – 56

Res. Ex. No. 1
Case No. 5:10-CV-489

19. NOTICE OF MOTION OF INTENT FILED JUNE 25, 1997.                57 – 59

20. MOTION FOR PRODUCTION FILED JUNE 25, 1997.                    60 – 63

21. MOTION FOR DISCOVERY FILED JUNE 25, 1997.                     64 – 66

22. MOTION FOR COMPLETE RECORDATION FILED JUNE 25, 1997.          67 – 69

23. MOTION TO SEQUESTER FILED JUNE 25, 1997.                      70 – 73

24. GENERAL DEMAND FOR COMPLIANCE FILED JUNE 25, 1997.            74 – 76

25. MEMORANDUM OF LAW FILED JUNE 25, 1997.                        77 – 79

26. WITNESS LIST FILED JUNE 26, 1997.                            80 – 84

27. GRAND JURY CERTIFICATE JULY 2, 1997.                          85 – 87

28. ORDER OF ATTORNEY FEE'S FILED JULY 8, 1997.                   88 – 88

29. MOTION FILED JULY 18, 1998.                                  89 – 92

30. MOTION TO STRIKE FILED JULY 18, 1997.                         93 – 98

31. MOTION TO STRIKE FILED JULY 18, 1997.                         99 –103

32. MOTION FOR DISCOVERY FILED JULY 18, 1997.                    104 –111

33. MOTION TO REQUIRE FILED JULY 18, 1997.                       112 –115

34. MOTION FOR DISCOVERY FILED JULY 18, 1997.                    116 –124

35. MOTION FOR DISCLOSURE FILED JULY 18, 1997.                   125 –128

36. MOTION FILED JULY 18, 1997.                                  129 –138

37. MOTION TO BAR INTRODUCTION FILED JULY 18, 1997.              139 –150

38. MOTION TO PROHIBIT FILED JULY 18, 1997.                      151 –154

39. MOTION FOR DISCOVERY FILED JULY 18, 1997.                    155 –158

40. MOTION TO PROHIBIT FILED JULY 18, 1997.                      159 –162

41. MOTION FOR ORDER FILED JULY 18, 1997.                        163 –180

42. MOTION TO REVEAL FILED JULY 18, 1997.                        181 –185

43. MOTION TO ENJOIN FILED JULY 18, 1997.                        186 –189

44. MOTION FILED JULY 18, 1997.                                  190 –195

45. MOTION FOR ORDER FILED JULY 18, 1997.                        196 –201

46. MOTION TO STRIKE FILED JULY 18, 1997.                        202 –205

47. MOTION FOR DISCLOSURE FILED JULY 18, 1997.                   206 –210

48.  MOTION TO CONTROL FILED JULY 18, 1997.                     211 – 214

49.  MOTION FOR FUNDS FILED JULY 18, 1997.                      215 – 219

50.  MOTION FOR DISCOVERY FILED JULY 18, 1997.                  220 – 223

51.  MOTION FOR SEVERANCE FILED JULY 18, 1997.                  224 – 231

52.  MOTION TO PRECLUDE FILED JULY 18, 1997.                    232 – 237

53.  MOTION FOR AN ORDER FILED JULY 18, 1997.                   238 – 241

54.  MOTION FOR HUMANE CONDITIONS FILED JULY 18, 1997.          242 – 246

55.  MOTION TO EXCLUDE FILED JULY 18, 1997.                     247 – 255

56.  MOTION TO RESTRICT FILED JULY 18, 1997.                    256 – 259

57.  MOTION TO PREVENT FILED JULY 18, 1997.                     260 – 263

58.  MOTION TO ASSURE FILED JULY 18, 1997.                      264 – 270

59.  MOTION TO PROHIBIT FILED JULY 18, 1997.                    271 – 299

60.  MOTION ON ORDER FILED JULY 18, 1997.                       300 – 305

61.  CHALLENGE FILED JULY 18, 1997.                             306 – 331

62.  MOTION FILED JULY 18, 1997.                                332 – 346

63.  MOTION FOR INSTRUCTION FILED JULY 18, 1997.                347 – 352

64.  PLEA IN BAR FILED JULY 18, 1997.                           353 – 356

65.  MOTION FILED JULY 18, 1997.                                357 – 360

66.  MOTION TO INVOKE FILED JULY 18, 1997.                      361 – 367

67.  MOTION FOR ORDER FILED JULY 18, 1997.                      368 – 371

68.  MOTION FOR DISQUALIFICATION FILED JULY 18, 1997.           372 – 375

69.  MOTION TO ASSURE FILED JULY 18, 1997.                      376 – 387

70.  MOTION TO BAR FILED JULY 18, 1997.                         388 – 396

71.  MOTION FOR AN ORDER FILED JULY 18, 1997.                   397 – 408

72.  MOTION FILED JULY 18, 1997.                                409 – 412

73.  MOTION REQUIRING PRODUCTION FILED JULY 18, 1997.           413 – 418

74.  MOTION FOR ORDER FILED JULY 18, 1997.                      419 – 424

75.  MOTION IN LIMINE FILED JULY 18, 1997.                      425 – 432

76.  MOTION TO BAR FILED JULY 18, 1997.                         433 – 452

77.  MOTION TO EXCLUDE FILED JULY 18, 1997.                    453 - 456

78.  MOTION IN LIMINE FILED JULY 18, 1997.                     457 - 464

79.  MOTION TO PRECLUDE FILED JULY 18, 1997.                   465 - 472

80.  MOTION FOR AN ORDER FILED JULY 18, 1997.                  473 - 476

81.  MOTION TO SUPRESS FILED JULY 18, 1997.                    477 - 495

82.  MOTION TO SUPRESS FILED JULY 18, 1997.                    496 - 499

83.  BRIEF IN SUPPORT FILED JULY 18, 1997.                     500 - 508

84.  MOTION TO QUASH FILED JULY 18, 1997.                      509 - 513

85.  MOTION TO QUASH FILED JULY 21, 1997.                      514 - 518

86.  BRIEF IN SUPPORT FILED JULY 21, 1997.                     519 - 527

87.  NOTICE OF INTENT FILED AUGUST 8, 1997.                    528 - 886

88.  STATE'S REQUEST FOR RECIPROCAL DISCOVERY FILED AUGUST

     11, 1997.                                                 887 - 887

89.  EXPARTE ORDER FOR PAYMENT FILED AUGUST 18, 1997.          888 - 889

90.  TRAVERS JURY CERTIFICATE FILED AUGUST 22, 1997.           890 - 891

91.  AMENDED GRAND JURY CERTIFICATE AUGUST 22, 1997.           892 - 894

92.  ORDER FILED SEPTEMBER 3, 1997.                            895 - 895

93.  AMENDED ORDER FILED SEPTEMBER 12, 1997.                   896 - 896

94.  ORDER AWARDING FEES FILED SEPTEMBER 12, 1997.             897 - 897

95.  ORDER AWARDING FEES FILED OCTOBER 2, 1997.                898 - 898

96.  ORDER AWARDING FEES FILED OCTOBER 3, 1997.                899 - 899

97.  MOTION IN LIMINE FILED OCTOBER 3, 1997.                   900 - 902

98.  SUPPLEMENTAL NOTICE OF INTENT, WITNESS LIST FILED

     OCTOBER 8, 1997.                                          903 - 912

99.  SUPPLEMENTAL WITNESS LIST FILED OCTOBER 17, 1997.         913 - 913

100. WITNESS LIST AND SUPPLEMENTAL NOTICE OF INTENT FILED

     OCTOBER 24, 1997.                                         914 - 930

101. WITNESS LIST OCTOBER 28, 1997.                            931 - 932

102. LETTER FILED OCTOBER 29, 1997.                            933 - 933

103. MOTION IN LIMINE AND SUPPLEMENTAL WITNESS LIST FILED

OCTOBER 31, 1997.                                          934 – 937

104. LIST OF MITIGATING CIRCUMSTANCE, SUPPLEMENT LIST OF

MITIGATING WITNESSES FILED NOVEMBER 3, 1997.             938 – 946

105. REQUEST TO CHARGE FILED NOVEMBER 4, 1997.              947 – 963

106. VERDICT AS TO SENTENCING, VERDICT–STATUTORY AGGRAVATING

CIRCUMSTANCE AND SENTENCES FILED NOVEMBER 7, 1997.      964 – 968

107. ORDER TO PAY ATTORNEY FILED NOVEMBER 13, 1997.         969 – 969

108. MOTION FOR NEW TRIAL FILED DECEMBER 3, 1997.           970 – 971

109. ORDERS FILED APRIL 10, 1998.                           972 – 972

110. ORDER FILED MAY 4, 1998.                               973 – 975

111. ORDER FILED MAY 4, 1998.                               976 – 976

112. ORDER FILED OCTOBER 7, 1998.                           977 – 977

113. ORDER FILED OCTOBER 7, 1998.                           978 – 978

114. PRODUCTION ORDER FILED DECEMBER 4, 1998.               979 – 979

115. SUPPLEMENT TO MOTION FOR NEW TRIAL FILED DECEMBER

10, 1998.                                                980 – 983

116. ORDER FILED DECEMBER 18, 1998.                         984 – 984

THOMAS J. O'DONNELL, JR.

118 S. WILKINSON STREET

MILLEDGEVILLE, GEORGIA 31061

COUNSEL FOR APPELLANT


J. PHILIP CARR

693 DUNLAP ROAD

STE A

MILLEDGEVILLE, GEORGIA 31061

COUNSEL FOR APPELLANT

FREDRIC BRIGHT, DISTRICT ATTORNEY

BALDWIN COUNTY COURTHOUSE

SUITE 305

MILLEDGEVILLE, GEORGIA 31061

COUNSEL FOR APPELLEE

STATE WARRANT AND MITTIMUS

# GEORGIA, BALDWIN COUNTY

Personally came _____ Howard R. Sills _____, who on oath says that, to the best of his knowledge and belief, _____ Marion Wilson _____ did, in the County aforesaid, commit the offense of, **TO-WIT** Possession of Firearm by Convicted Felon (16-11-131) _____ in said County, between the hours of __ 10 P. M. and 10:30 P. M., on the 28th day of March _____ 19 96 . The place of occurrence of said offense being _____ 100 Block of Felton Drive, Baldwin County

and against _____ the laws of this state _____

Said offense being described as _ accused did, possess a fiream to wit:  a 12 gauge shotgun, after having been convicted of a felony crime in the Superior Court of Baldwin County

and this depondent makes this affidavit that a warrant may issue for his arrest.

_____ Affiant.

Sworn to and subscribed before me this 4th day of _____ April _____, 19 96

_____
MAGISTRATE

# GEORGIA, BALDWIN COUNTY

To any Sheriff or his deputy, Coroner, Constable, or Marshal of said State, GREETING:

For sufficient causes made known to me in the above affidavit, you are hereby commanded to arrest the defendant named in the foregoing affidavit charged by the prosecutor therein with the offense against the laws of this State named in said affidavit and bring him before me or some other Judicial officer of this State to be dealt with as the law directs.

Herein fail not, This 4th April , 19 96 _____
MAGISTRATE

# GEORGIA, BALDWIN COUNTY

After hearing the evidence in the above case it is ordered that said defendant be bound in a bond of _____ Dollars for his appearance on the first day at the _____ next term or session next after this day of the _____ Superior _____ Court of _____ Baldwin _____ to be held in and for said County to answer the charge of _____ possession of firearm by first offense probation _____

In default thereof that he be committed to the common jail of said County, there to be safely kept until thence delivered by due course of law.

Given under my hand and seal this _1st_ day of _____ May _____, 19 96

_____
MAGISTRATE                                      (L.S.)

Warrant No. _8/480_

Case No. _9604512_

## STATE WARRANT

## THE STATE
vs.

Marion Wilson

350 Grimes Ave. Lot 7

Milledgeville, Ga

Sex _M_   Race _B_

SSN _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_

DOB _07-29-76_

## CHARGED
16-11-131
Possession of Firearm by
Convicted Felon

Howard R. Sills, C.D.S.
Prosecutor

BCSO, 311 Linda Drive

Milledgeville, Ga.

Phone _(912) 453-4891_

Entered NCIC/LEDS _____

By _____ SRN _____

Arrested _4-2-96_

Officer _____

Department _BCSO_

### EXAMINATION

After having fully advised the defendant of the accusation against him, his right to have a committal hearing, his right to be represented by an attorney, (and his right to sign a waiver of said committal hearing) (and defendant having elected to sign a waiver of committal hearing), it is ordered that the defendant give bond in the amount of $ _____ for his appearance before the _____ Court located at _____ on the _____ day of _____ 19 _____ at _____ M.   Given under my hand and seal

This _4th_ day of _April_ 19 _96_

_Donna McLeod_
MAGISTRATE

STATE WARRANT AND MITTIMUS

# GEORGIA, BALDWIN COUNTY

Personally came _____Howard R. Sills_____, who on oath says that, to the best of his knowledge and belief, ___Marion Wilson_____ did, in the County aforesaid, commit the offense of, **TO-WIT** __V.G.C.S.A. Possession of Marijuana with__ __intent to Distribute_____ in said County, between the hours of _2:00 P._M. and _4:00 P._M., on the __2nd__ day of __April__ 19 __96__. The place of occurrence of said offense being _____ __201 West Hancock Street, Milledgeville, Baldwin County_____ and against __the laws of this state_____ Said offense being described as __accused did, possess marijuana with intent to distribute__

and this depondent makes this affidavit that a warrant may issue for his arrest.

_____ **Affiant.**

Sworn to and subscribed before me this __4th__ day of __April__, 19 __96__

_____
MAGISTRATE

# GEORGIA, BALDWIN COUNTY

To any Sheriff or his deputy, Coroner, Constable, or Marshal of said State, GREETING:

For sufficient causes made known to me in the above affidavit, you are hereby commanded to arrest the defendant named in the foregoing affidavit charged by the prosecutor therein with the offense against the laws of this State named in said affidavit and bring him before me or some other Judicial officer of this State to be dealt with as the law directs.

Herein fail not, This __4th April__, 19 __96__ _____
MAGISTRATE

# GEORGIA, BALDWIN COUNTY

After hearing the evidence in the above case it is ordered that said defendant be bound in a bond of _____ _____ Dollars for his appearance on the first day at the _____ next term or session next after this day of the _____ Court of _____ to be held in and for said County to answer the charge of _____

In default thereof that he be committed to the common jail of said County, there to be safely kept until thence delivered by due course of law.

Given under my hand and seal this _____ day of _____, 19 _____

**3**

_____ (L.S.)
MAGISTRATE

Warrant No. 81484

Case No. 9604512

## STATE WARRANT

### THE STATE

vs.

Marion Wilson

350 Grimes Ave Lot 7

Milledgeville, Ga

Sex M    Race B

SSN 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

DOB 07-29-76

### CHARGED

16-13-30

V.G.C.S.A. Possession of
Marijuana with intent to dist

Howard R. Sills, C.D.S.

Prosecutor

BCSO, 311 Linda Drive

Milledgeville, Ga

Phone (912)453-4891

Entered NCIC/LEDS

By _____ SRN _____

Arrested 4-2-96

Officer

Department BCSO

---

## EXAMINATION

After having fully advised the defendant of the accusation against him, his right to have a committal hearing, his right to be represented by an attorney, (and his right to sign a waiver of said committal hearing) (and defendant having elected to sign a waiver of committal hearing), it is ordered that the defendant give bond in the amount of

$ _____ for his appearance before the _____

on the _____ day of _____ 19 _____ at _____ M.

This _____ day of April 19 96

Given under my hand and seal

_____ Court located at

MAGISTRATE

STATE WARRANT AND MITTIMUS

# GEORGIA, BALDWIN COUNTY

Personally came _____ Howard R. Sills _____, who on oath says that, to

the best of his knowledge and belief, _____ Marion Wilson _____

in the County aforesaid, commit the offense of, **TO-WIT** Possession of Sawed-Off Shotgun (16-11-122) did,

_____ in said County, between the hours of __10__ **p.**M. and __10:30__ **p.**M., on the

__28th__ day of __March__ __19_96_. The place of occurrence of said offense being _____

100 Block of Felton Drive, Baldwin County _____

and against ___the laws of this state_____

Said offense being described as _accused did, possess a shotgun, said shotgun having_

_a barrel length of less than 18 inches._

_____

_____

_____

_____

_____

_____

and this depondent makes this affidavit that a warrant may issue for his arrest.

Affiant.

Swo___ to and subscribed before me this __4th__ day of __April__, 19 _96_

_Glenna McLeod_
MAGISTRATE

# GEORGIA, BALDWIN COUNTY

To any Sheriff or his deputy, Coroner, Constable, or Marshal of said State, GREETING:

For sufficient causes made known to me in the above affidavit, you are hereby commanded to arrest the defendant
named in the foregoing affidavit charged by the prosecutor therein with the offense against the laws of this State
named in said affidavit and bring him before me or some other Judicial officer of this State to be dealt with as the law
directs.

Herein fail not, This __4th April__, 19 _96_ _Glenna McLeod_
MAGISTRATE

# GEORGIA, BALDWIN COUNTY

After hearing the evidence in the above case it is ordered that said defendant be bound in a bond of _____

_____ Dollars for his appearance on the first day at the _____

ext term or session next after this day of the _Superi___

Court of _Baldwin County_ to be held in and for said County to answer the charge of

_possession of a sawed off shotgun_

In default thereof that he be committed to the common jail of said County, there to be safely kept until thence
eliver    y due course of law.

Given under my hand and seal this __1st__ day of __May__, 19 _96_

_Glenna Sebra_                                    5.                   (L.S.)
MAGISTRATE

Warrant No. __5 1481__

Case No. __9604512__

## STATE WARRANT

### THE STATE

vs.

__Marion Wilson__

__350 Grimes Ave. Lot 7__

__Milledgeville, Ga.__

Sex __M__   Race __B__

SSN __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__

DOB __07-29-76__

### CHARGED

__Possession of Sawed-Off Shotgun__
__16-11-122__

__Howard R. Sills, C.D.S.__
Prosecutor

__BCSO, 311 Linda Drive__

__Milledgeville, Ga__

Phone __(912) 453-4891__

Entered NCIC/LEDS _____

By _____ SRN _____

Arrested __4-2-96__

Officer _____

Department __BCSO__

---

### EXAMINATION

After having fully advised the defendant of the accusation against him, his right to have a committal hearing, his right to be represented by an attorney, (and his right to sign a waiver of said committal hearing) (and defendant having elected to sign a waiver of committal hearing), it is ordered that the defendant give bond in the amount of $_____ for his appearance before the _____ Court located at _____

on the _____ day of _____

This __4th__ day of __April__ , 19 __96__ at _____ M.

Given under my hand and seal

_____
MAGISTRATE

STATE WARRANT AND MITTIMUS

# GEORGIA, BALDWIN COUNTY

Personally came ___Howard R. Sills___, who on oath says that, to the best of his knowledge and belief, ___Marion Wilson___ did, in the County aforesaid, commit the offense of, **TO-WIT** ___Possession of a Firearm During Commission of a crime (16-11-106)___ in said County, between the hours of __10:00 P__.M. and __10:30 P__.M., on the __28th__ day of __March__ 19 __96__. The place of occurrence of said offense being ___100 Block of Felton Drive, Baldwin County___ and against ___the laws of this state___
Said offense being described as ___accused did, have in his possession a firearm, to wit: a shotgun, during the commission of the crimes of armed robbery and murder___

and this dependent makes this affidavit that a warrant may issue for his arrest.

Affiant.

Sworn to and subscribed before me this __4th__ day of ___April___, 19 __96__

___Glenna McLeod___
MAGISTRATE

# GEORGIA, BALDWIN COUNTY

To any Sheriff or his deputy, Coroner, Constable, or Marshal of said State, GREETING:

For sufficient causes made known to me in the above affidavit, you are hereby commanded to arrest the defendant named in the foregoing affidavit charged by the prosecutor therein with the offense against the laws of this State named in said affidavit and bring him before me or some other Judicial officer of this State to be dealt with as the law directs.

Herein fail not, This __4th__ __April__, 19 __96__ ___Glenna McLeod___
MAGISTRATE

# GEORGIA, BALDWIN COUNTY

After hearing the evidence in the above case it is ordered that said defendant be bound in a bond of _____ _____ Dollars for his appearance on the first day at the _____ next term or session next after this day of the ___Superior Court___ Court of ___Baldwin County___ to be held in and for said County to answer the charge of ___possession of firearm during commission of a crime___

In default thereof that he be committed to the common jail of said County, there to be safely kept until thence delivered by due course of law.

Given under my hand and seal this __18th__ day of ___May___, 19 __91___

___Thomas Tite___
MAGISTRATE                                    (L.S.)

Warrant No. _8/482_

Case No. _9604512_

## STATE WARRANT

## THE STATE

vs.

Marion Wilson

350 Grimes Ave Lot 7

Milledgeville, GA.

Sex _M_ Race _B_

SSN _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_

DOB _07-29-76_

## CHARGED

16-11-106
Possession of a Firearm During
Commission of a Crime

Howard R. Sills, C.D.S.

Prosecutor

BCSO, 311 Linda Drive

Milledgeville, Ga.

Phone _(912)453-4891_

Entered NCIC/LEDS _____

By _____ SRN _____

Arrested _4-2-96_

Officer _____

Department _BCSO_

## EXAMINATION

After having fully advised the defendant of the accusation against him, his right to have a committal hearing, his right to be represented by an attorney, (and his right to sign a waiver of said committal hearing) (and defendant having elected to sign a waiver of committal hearing), it is ordered that the defendant give bond in the amount of $ _____ for his appearance before the _____ Court located at _____

on the _____ day of _____ 19 _____ at _____ M.

This ___4th___ day of _April_ 19 _96_

Given under my hand and seal

_____

MAGISTRATE

8

STATE WARRANT AND MITTIMUS

# GEORGIA, BALDWIN COUNTY

Personally came _____Howard R. Sills_____, who on oath says that, to the best of his knowledge and belief, _____Marion Wilson_____ did, in the County aforesaid, commit the offense of, **TO-WIT** _____Armed Robbery_____ _____ in said County, between the hours of 10:00 P. M. and 10:30 P. M., on the __28th__ day of __March_____ 19 __96__. The place of occurrence of said offense being _____ __the 100 Block of Felton Drive, Baldwin County_____ and against __the laws of this state_____ Said offense being described as __accused did, with the intent to commit theft, take a__ __1992 Acura Vigor automobile, property of Donovan Cory Parks from the person of__ __the said Donovan Cory Parks by use of an offensive weapon, to wit: a shotgun.__

and this depondent makes this affidavit that a warrant may issue for his arrest.

Affiant.

Sworn to and subscribed before me this __2nd__ day of __April_____, 19 __96__

MAGISTRATE

# GEORGIA, BALDWIN COUNTY

To any Sheriff or his deputy, Coroner, Constable, or Marshal of said State, GREETING:

For sufficient causes made known to me in the above affidavit, you are hereby commanded to arrest the defendant named in the foregoing affidavit charged by the prosecutor therein with the offense against the laws of this State named in said affidavit and bring him before me or some other Judicial officer of this State to be dealt with as the law directs.

Herein fail not, This __April 2nd____, 19 __96__

MAGISTRATE

# GEORGIA, BALDWIN COUNTY

After hearing the evidence in the above case it is ordered that said defendant be bound in a bond of _____ _____ Dollars for his appearance on the first day at the _____ next term or session next after this day of the __Superior__ Court of __Baldwin_____ to be held in and for said County to answer the charge of __armed robbery_____

In default thereof that he be committed to the common jail of said County, there to be safely kept until thence delivered by due course of law.

Given under my hand and seal this __1st__ day of __May____, 19 __96__     **9**

MAGISTRATE     (L.S.)

rant No. 81447

e No. 9604512

## STATE WARRANT

## THE STATE
### vs.

Marion Wilson

350 Grimes Ave. Lot 7

Milledgeville, Ga.

x  M  Race  B

N  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

OB  29-76

## CHARGED

Armed Robbery (16-8-41)

Howard R. Sills, C.D.S.
                    Prosecutor

Baldwin County Sheriff's Ofc.

Milledgeville, Georgia

Phone

Entered NCIC/LEDS

By _____ SRN

Arrested 040296

Officer ol S.ll

Department BCSo

---

## EXAMINATION

After having fully advised the defendant of the accusation against him, his right to have a committal hearing, his right to be represented by an attorney, (and his right to sign a waiver of said committal hearing) (and defendant having elected to sign a waiver of committal hearing), it is ordered that the defendant give bond in the amount of $ _____ for his appearance before the _____ Court located at _____

on the _____ day of _____ 19 _____ at _____ M.

This 3rd day of April 19 96. Given under my hand and seal

_____
MAGISTRATE

10

STATE WARRANT AND MITTIMUS

## GEORGIA, BALDWIN COUNTY

Personally came _____Howard R. Sills_____, who on oath says that, to the best of his knowledge and belief, __Marion Wilson_____ did, in the County aforesaid, commit the offense of, **TO-WIT** _____Felony Murder_____ _____ in said County, between the hours of _10:00 p_.M. and _10:30 p_.M., on the _28th_ day of _March_____ 19_96_. The place of occurrence of said offense being _____ the 100 Block of Felton Drive, Baldwin County_____ and against __the laws of this state_____ Said offense being described as __accused did, in the commission of a felony to wit:_ _Armed Robbery, cause the death of Donovan Cory Parks by shooting the said_ _Donovan Cory Parks with a shotgun._

and this depondent makes this affidavit that a warrant may issue for his arrest.

_____ **Affiant.**

Sworn to and subscribed before me this ___2nd___ day of __April_____, 19_96_

_____
MAGISTRATE

## GEORGIA, BALDWIN COUNTY

To any Sheriff or his deputy, Coroner, Constable, or Marshal of said State, GREETING:

For sufficient causes made known to me in the above affidavit, you are hereby commanded to arrest the defendant named in the foregoing affidavit charged by the prosecutor therein with the offense against the laws of this State named in said affidavit and bring him before me or some other Judicial officer of this State to be dealt with as the law directs.

Herein fail not, This __April 2nd_____, 19_96__ _____
MAGISTRATE

## GEORGIA, BALDWIN COUNTY

After hearing the evidence in the above case it is ordered that said defendant be bound in a bond of _____ _____ Dollars for his appearance on the first day at the _____ next term or session next after this day of the __Superior_____ Court of __Baldwin County_____ to be held in and for said County to answer the charge of __felony murder_____

In default thereof that he be committed to the common jail of said County, there to be safely kept until thence delivered by due course of law.

Given under my hand and seal this __1st__ day of __May_____, 19_96_   ¶ ¶

_____
MAGISTRATE   (L.S.)

Warrant No. _81448_

Case No. _9604512_

# STATE WARRANT

# THE STATE
### vs.

Marion Wilson

350 Grimes Ave. Lot 7

Milledgeville, Ga.

Sex _M_ Race _B_

SSN _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_

DOB _07-29-76_

# CHARGED
Felony Murder (16-5-1)

Howard R. Sills, C.D.S.
                              Prosecutor

Baldwin County Sheriff's Ofc.

Milledgeville, Georgia

Phone _____

Entered NCIC/LEDS _____

By _____ SRN _____

Arrested _040096_

Officer _od S.lls_

Department _Bcso_

## EXAMINATION

After having fully advised the defendant of the accusation against him, his right to have a committal hearing, his right to be represented by an attorney, (and his right to sign a waiver of said committal hearing) (and defendant having elected to sign a waiver of committal hearing), it is ordered that the defendant give bond in the amount of $_____ for his appearance before the _____ Court located at _____

on the _____ day of _____ 19 ____ at _____ M.

This _32d_ day of _April_ 19 _96_, Given under my hand and seal

MAGISTRATE

n-402

Criminal Action Number _____ 39249 B

## IN THE SUPERIOR COURT OF BALDWIN COUNTY
## STATE OF GEORGIA
### January Term, 1996

The State of Georgia

v.

MARION WILSON, JR.

CT. 1: MURDER
CT. 2: MURDER
CT. 3: ARMED ROBBERY
CT. 4: HIJACKING A MOTOR VEHICLE
CT. 5: POSSESSION OF A FIREARM DURING
      THE COMMISSION OF A CRIME
CT. 6: POSSESSION OF A SAWED-OFF SHOTGUN

True (all 6 counts) _____ Bill

_Richard Wann_, Foreperson

Howard Sills, BCSO, Prosecutor
and Special Presentment
FREDRIC D. BRIGHT,
District Attorney

## INDICTMENT

The defendant, _Marion Wilson, Jr_ having been advised of his constitutional rights, waives formal arraignment, ~~waives copy of indictment~~, and pleads _Not Guilty_ . This the _26th_ day of _JUNE_, 19_97_.

_Fredric D. Bright_,
A_____ District Attorney

_____,
Defendant's Attorney

_& Marion Wilson_,
Defendant

We, the jury, find the defendant, _____, _____. This the ____ day of
_____, 19___.

_____,
Foreperson

Returned in open court by the grand jury bailiff, announced by the court, and filed in office this _29_ day of
_May_ 19_96_

_Kathy Cowart_
_Dep_ Clerk, Superior Court

13

WITNESSES FOR THE STATE:
Howard Sills, Chief Deputy, BCSO

BALDWIN COUNTY, GEORGIA

IN THE SUPERIOR COURT OF BALDWIN COUNTY

The Grand Jurors selected, chosen and sworn for Baldwin County, to-wit:

Richard A. Warren, Foreperson

| | |
|---|---|
| Winston H. Sibley | Fran A. Gordon |
| Acelia G. Solana | George B. Prosser |
| Brenda L. Ford | Sarah B. Purvis |
| Tommy L. Curry | Jeffrey W. Glenn |
| Carl Aubrey Nelson, Jr. | Ronald L. Hammock |
| David A. Brooks | Glynn R. Sirmans |
| Lauren E. Benson | Vickie W. Lee |
| Ann B. Hammock | Robert Larry Allen |
| Richard Mullins, Jr. | Mary J. Ward |

Count 1: In the name and behalf of the citizens of Georgia, charge and accuse Marion Wilson, Jr. with the offense of MURDER (16-5-1) for that the said Marion Wilson, Jr. on the 28th day of March, 1996 in Baldwin County, did then and there, unlawfully and with malice aforethought cause the death of Donovan Cory Parks, a human being, by shooting the said Donovan Cory Parks with a shotgun, a deadly weapon, contrary to the laws of the state of Georgia, the good order, peace, and dignity thereof.

Count 2: And the grand jurors aforesaid, on their oaths aforesaid, in the name and behalf of the citizens of Georgia, further charge and accuse Marion Wilson, Jr. with the offense of MURDER (16-5-1) for that the said Marion Wilson, Jr., on the 28th day of March, 1996 in the county aforesaid, did then and there unlawfully while in the commission of a felony, to wit: Armed Robbery, did cause the death of Donovan Cory Parks, a human being, by shooting the said Donovan Cory Parks with a shotgun, a deadly weapon, contrary to the laws of the state of Georgia, the good order, peace and dignity thereof.

14

<u>Count 3:</u>  And the grand jurors aforesaid, on their oaths aforesaid, in the name and behalf of the citizens of Georgia, further charge and accuse Marion Wilson, Jr. with the offense of ARMED ROBBERY (16-8-41) for that the said Marion Wilson, Jr., on the 28th day of March, 1996 in the county aforesaid, did then and there unlawfully with intent to commit theft, take property of value, to-wit:  a 1992 Acura Vigor automobile, the property of Donovan Cory Parks, from the immediate presence of Donovan Cory Parks, by use of an offensive weapon, to-wit:  a shotgun, contrary to the laws of the state of Georgia, the good order, peace, and dignity thereof.

<u>Count 4:</u>  And the grand jurors aforesaid, on their oaths aforesaid, in the name and behalf of the citizens of Georgia, further charge and accuse Marion Wilson, Jr. with the offense of HIJACKING A MOTOR VEHICLE (16-5-44.1) for that the said Marion Wilson, Jr., on the 28th day of March, 1996 in the county aforesaid, did then and there unlawfully while in possession of a firearm, to wit: a shotgun, obtain a motor vehicle from the presence of Donovan Cory Parks by force and violence, contrary to the laws of the state of Georgia, the good order, peace and dignity thereof.

<u>Count 5:</u>  And the grand jurors aforesaid, on their oaths aforesaid, in the name and behalf of the citizens of Georgia, further charge and accuse Marion Wilson, Jr. with the offense of POSSESSION OF A FIREARM DURING THE COMMISSION OF A CRIME (16-11-106) for that the said Marion Wilson, Jr., on the 28th day of March, 1996 in the county aforesaid, did then and there unlawfully have within arm's reach of his person a firearm, to-wit:  a shotgun, during the commission of a crime, to-wit:  Murder and Armed Robbery, said crime being against the person of another, to-wit:  Donovan Cory Parks, and which crime was a felony, contrary to the laws of the state of Georgia, the good order, peace, and dignity thereof.

<u>Count 6 :</u>  And the grand jurors aforesaid, on their oaths aforesaid, in the name and behalf of the citizens of Georgia, further charge and accuse Marion Wilson, Jr. with the offense of POSSESSION OF A SAWED-OFF SHOTGUN (16-11-123) for that the said Marion Wilson, Jr., on the 28th day of March, 1996 in the county aforesaid, did then and there unlawfully and knowingly possess a sawed-off shotgun, contrary to the laws of the state of Georgia, the good order, peace and dignity thereof.

Baldwin County Superior Court

<u>Howard Sills, BCSO,</u>
Prosecutor
and Special Presentment

January Term, 1996

FREDRIC D. BRIGHT,
District Attorney

IN THE SUPERIOR COURT OF BALDWIN COUNTY

STATE OF GEORGIA

| THE STATE OF GEORGIA | ) | CT. I: | MURDER |
|---|---|---|---|
| VS. | ) | CT. II: | MURDER |
| | ) | CT. III: | ARMED ROBBERY |
| MARION WILSON, JR., | ) | CT. IV: | HIJACKING A MOTOR |
| | ) | | VEHICLE |
| Defendant. | ) | CT. V: | POSSESSION OF A FIREARM |
| | ) | | DURING THE COMMISSION |
| | ) | | OF A CRIME |
| CASE NO. 39249 | ) | CT. VI: | POSSESSION OF A SAWED- |
| | ) | | OFF SHOTGUN |

O R D E R

The District Attorney having announced its intent to seek the death penalty in the above-referenced case, Judge Hulane E. George is hereby appointed to hear said case.

This 28th day of June, 1996.

William A. Prior, Jr.
Chief Judge - Superior Courts
Ocmulgee Judicial Circuit

FILED IN OFFICE THIS
1 DAY OF July 19 96
Wanda J. Chambers
CHIEF DEPUTY CLERK OF SUPERIOR COURT BALDWIN CO. GEORGIA

16

IN THE SUPERIOR COURT FOR BALDWIN COUNTY

STATE OF GEORGIA

STATE OF GEORGIA
      VS.
MARION WILSON, JR.

    *   CASE NUMBER 39249B
    *
    * COUNTS 1&2: MURDER
    *  COUNT 3: ARMED ROBBERY
    * COUNT 4: HIJACKING A MOTOR VEHICLE
    * COUNT 5: POSSESSION OF FIREARM
    * DURING COMMISSION OF CRIME
    * COUNT 6: POSSESSION OF SAWED-OFF
    *        SHOTGUN

## NOTICE OF STATUTORY AGGRAVATING CIRCUMSTANCES

COMES NOW The State of Georgia by and through the District Attorney of the Ocmulgee Judicial Circuit, and hereby serves notice that the State will seek the Death Penalty against the above-named Defendant in the above-captioned case, based upon the following sta   ory aggravating circumstances:  to wit:

### COUNT 1

1.  The offense of Murder was committed while the offender was engaged in the commission of another capital felony, to wit: Armed Robbery.  O.C.G.A. Sec. 17-10-30(b)(2).

### COUNT 2

1.  The offense of Murder was committed while the offender was engaged in the commission of another capital felony, to wit: Armed Robbery.  O.C.G.A. Sec. 17-10-30(b)(2).

This 22nd day of July, 1996.

*Fredric D. Bright*

FREDRIC D. BRIGHT
District Attorney
Ocmulgee Judicial Circuit

17

## CERTIFICATE OF SERVICE

I, Fredric D. Bright, hereby certify that I have this date served a copy of the foregoing Notice of Statutory Aggravating Circumstances upon the attorney for the defendant, to wit:  Thomas O'Donnell, by depositing a copy thereof in the U.S. Mail with sufficient postage attached thereto in an envelope addressed as follows:

Thomas O'Donnell
Attorney at Law
118 Malone Street
Sandersville, Georgia  31082

This 22nd day of July, 1996.

_Fredric D. Bright_
Fredric D. Bright
District Attorney
Ocmulgee Judicial Circuit

201 West Hancock Street
Milledgeville, Georgia  31061
(912) 453-5261

FILED IN OFFICE THIS

22 DAY OF July 19 96

Wanda J. Chambers

CHIEF DEPUTY CLERK OF SUPERIOR COURT BALDWIN CO. GEORGIA

18

IN THE SUPERIOR COURT OF BALDWIN COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| THE STATE OF GEORGIA | ) | CT. I:    MURDER |
| VS. | ) | CT. II:   MURDER |
| | ) | CT. III:  ARMED ROBBERY |
| MARION WILSON, JR., | ) | CT. IV:   HIJACKING A MOTOR |
| | ) | VEHICLE |
| Defendant. | ) | CT. V:    POSSESSION OF A FIREARM |
| | ) | DURING THE COMMISSION |
| | ) | OF A CRIME |
| CASE NO. 39249 | ) | CT. VI:   POSSESSION OF A SAWED- |
| | ) | OFF SHOTGUN |

O R D E R

It appearing to the Court that the above-named Defendant is in need of counsel during the pendency of a cirminal case in said court, it is

ORDERED that James M. Setters, Attorney at Law, be and he is hereby appointed as co-counsel for the said Marion Wilson, Jr. This 25# day of July, 1996.

_William A. Prior, Jr._
Chief Judge - Superior Courts
Ocmulgee Judicial Circuit

FILED IN OFFICE THIS
26th DAY OF July 19 96
Rosemary F. Phillips
CLERK OF SUPERIOR COURT BALDWIN CO. GEL.

19

IN THE SUPERIOR COURT OF BALDWIN COUNTY
STATE OF GEORGIA

STATE OF GEORGIA                    :
                                    :
            V.                      :          CASE NO. 39249
                                    :
MARION WILSON, JR.                  :
      Defendant                     :

## NOTICE OF HEARING

Notice is hereby given to all parties that the above styled action shall

come before the Honorable Hulane E. George for a hearing on the 21st day

of March, 1997, at 9:00 a.m. at the Baldwin County Courthouse in

Milledgeville, Georgia.

This _20_ day of February, 1997.

Hulane E. George, Judge
Superior Court of Baldwin County

20

## CERTIFICATE OF SERVICE

I, Jennifer T. Strange, Secretary to Judge Hulane E. George, do hereby certify that I have this day served the within Notice of Hearing upon the individuals listed below by mailing a true copy of said Notice to them by U.S. Mail in envelopes having sufficient postage thereon to insure delivery and addressed as follows:

Mr. Fred Bright
District Attorney
Post Office Box 1209
Gray, Georgia 31032

Mr. Steve Bradley
Assistant District Attorney
Baldwin County Courthouse
Milledgeville, Georgia 31061

Mr. Thomas O'Donnell
Attorney at Law
118 South Wilkinson Street
Suite 11
Milledgeville, Georgia 31061

Mr. Jack Setters
Attorney at Law
185 Roberson Mill Road
Milledgeville, Georgia 31061

This 20 day of February, 1997.

Jennifer T. Strange
Post Office Box 1050
Milledgeville, GA 31061
(912) 453-4270

FILED IN OFFICE THIS
20th DAY OF Feb. 19 97
Wanda T. Chambers
CHIEF DEPUTY CLERK OF SUPERIOR COURT BALDWIN CO. GEORGIA

21

# IN THE SUPERIOR COURT OF BALDWIN COUNTY
## STATE OF GEORGIA

STATE OF GEORGIA                               *

vs.                                            * CASE NO. 39249 B

MARION WILSON, JR.,                            *
Defendant

---

## NOTICE OF ELECTION OF O.C.G.A. TITLE 17, ARTICLE 16
### and
## DEFENDANT'S REQUEST FOR DISCOVERY

COMES NOW Marion Wilson, Jr., the Defendant, by and through his attorney of record, and provides the court this notice of defendant's election to have O.C.G.A. 17, Article 16 apply to said case and requests discovery pursuant to O.C.G.A. Title 17-16-1, et. seq.

The Defendant requests that he be furnished with a copy of the indictment or accusation and list of witnesses.

The Defendant requests that the District Attorney make disclosure of all statements of co-conspirators that are attributable to the Defendant and arguably admissible against him at trial.

The Defendant requests that the District Attorney disclose to the Defendant and make available for inspection, no later than ten days before trial, any relevant written or recorded statements made by the Defendant or copies therof, within the possession, control, or custody of the state or prosecutor and make available to the Defendant that portion of any written record containing the substance of any relevant oral statement made by the Defendant, whether before or after arrest, in response to any person then known to the Defendant to be in law enforcement or the District Attorney's office. The Defendant also requests that the District Attorney disclose the substance of any other oral statement attributed to the Defendant either before or after arrest that was made in response to interrogation by any person known to the Defendant to be in law enforcement or a member of the District Attorney's staff, if the state intends to use that statement at trial.

The Defendant requests that the District Attorney, no later than ten days before trial, permit the Defendant to inspect and copy papers, documents, photographs, tangible objects, audio and video tapes, films and recordings, or copies or portions thereof and to inspect and photograph buildings or places which are within the possession or control of the state and are intended for use by the prosecuting attorney as evidence in the prosecution's case-n-chief or rebuttal at the trial or wherever obtained or belonged to the Defendant.

22

If applicable, the Defendant requests that he be permitted to examine, test , and analyze all evidence within the custody or possession of the Forensic Sciences Division of the Georgia Bureau of Investigation or any other facility where evidence is being either analyzed or tested subjected to reasonable rules and regulations either adopted by the Forensic Science Division of the Georgia Bureau of Investigation or any other facility where said evidence is being tested.

The Defendant also requests that the District Attorney permit the Defendant, no later than ten days before trial, to inspect and copy or photograph, if not provided by said office, any results or reports of physical or mental examinations and of any scientific tests or experiments, including a summary of the basis for an expert opinion rendered in the report, or copies thereof, which are within the control, possession or custody of the state which the state plans to introduce in evidence either in their case-in-chief or in rebuttal.

Finally, if prior to or during the trial, the District Attorney's office discovers additional evidence or material previously requested or ordered which is subjected to discovery or inspection under O.C.G.A. 17-16-1, et seq., the Defendant requests that the District Attorney's office promptly notify the Defendant of the existence of said evidence or material and make this available to this Defendant as provided by this article.

This 24 Day of _March_, 1997.

_James M. Setters_
JAMES M. SETTERS
Attorney for Defendant

Respectfully Submitted,

_Thomas J. O'Donnell_
THOMAS J. O'DONNELL, JR.
Attorney for Defendant

118 S. Wilkinson Street
Owen Building, Suite 11
Milledgeville, Georgia 31061
(912) 452-1183
State Bar No. 549987

23

**GEORGIA, BALDWIN COUNTY**

I certify that I have this day served the foregoing **NOTICE OF ELECTION OF O.C.G.A. TITLE 17, ARTICLE 16 and DEFENDANT'S REQUEST FOR DISCOVERY**, upon FREDRIC BRIGHT, District Attorney, Baldwin County Courthouse, Milledgeville, Georgia.

Said Notice and Request was served by hand-delivery.

This 21 day of _____, 1997.

Respectfully Submitted,

_____
JAMES M. SETTERS
Attorney for Defendant
State Bar No.

_____
THOMAS J. O'DONNELL, JR.
Attorney for Defendant
State Bar No. 549987

FILED IN OFFICE THIS
21st DAY OF Mar. 19 97

_____
CHIEF DEPUTY CLERK OF SUPERIOR COURT BALDWIN CO. GEORGIA

24

IN THE SUPERIOR COURT OF BALDWIN COUNTY
STATE OF GEORGIA

STATE OF GEORGIA,

vs.

MARION WILSON,
Defendant

*CASE NO._____

*

* CHARGES: Counts 1 and 2: Murder
* Count 3: Armed Robbery
* Count 4: Hijacking a Motor Vehicle
* Count 5: Possession of a Firearm During
*          the Commission of a Crime
* Count 6: Possession of a Sawed-Off Shotgun

## PETITION FOR PSYCHIATRIC EVALUATION *EX PARTE, IN CAMERA,* AND ON A SEALED RECORD

COMES NOW Marion Wilson, Jr., Defendant herein, by and through his counsels of record, and shows this Honorable Court the following:

1. The Defendant has been indicted and charged with murder. The prosecution has announced its intention to seek the death penalty.

2. The Defendant is indigent. He does not have the money to retain an attorney or to obtain the expert and investigative assistance necessary for his defense. This Court has already determined that he is indigent and has appointed counsel for him because of his indigence.

3. Defendant's attorneys have reason to believe that the Defendant is suffering from some mental disease, injury or congenital deficiency which could render the client incapable of preparing a defense and standing trial.

4. Attorneys further believe that the Defendant may be incapable of intelligently pleading to the merits of his case.

WHEREFORE, counsels pray that an order issue allowing the Defendant to be examined by a competent psychiatrist, and that a report of such examination be submitted to the Court, Attorneys for the Defendant, and the District Attorney. It is further prayed that the psychiatrist address his attention to the following questions, to wit:

(a) Whether or not Defendant is capable of understand the nature of the charges against him;

(b) Whether or not Defendant understands the object of the proceedings against him;

(c) Whether or not Defendant rightly comprehends his own condition in reference to such proceedings;

25

Defendant further prays that the psychiatrist be required to determine and report his opinion as to the Defendant's condition at the time of the alleged crime with respect to the following principles of law:

(a) O.C.G.A. Sec. 16-3-2  Mental capacity; insanity.  A person shall not be found guilty of a crime if, at the time of the act, omission, or negligence constituting the crime, such person did not have mental capacity to distinguish between right and wrong in relation to such act, omission, or negligence. (Acts 1968, pp. 1249, 1270).

(b) O.C.G.A. Sec. 16-3-3  Delusional compulsion.  A person shall not be found guilty of a crime when, at the time of the act, omission, or negligence constituting the crime, such person, because of mental disease, injury, or congential deficiency, acted as he did because of a delusional compulsion as to such act which over-mastered his will to resist committing the crime. (Acts 1968, pp. 1249, 1270).

(c) O.C.G.A. Sec. 16-3-4  Intoxication.  A person shall not be found guilty of a crime when, at the time of the act, omission, or negligence constituting the crime, such person, because of involuntary intoxication, did not have sufficient mental capacity to distinguish between right and wrong in relation to such act.  Involuntary intoxication means intoxication caused by:  (1) comsumption of substance through excusable ignorance; or (2) coercion, fraud, artifice, or contrivance of another person.  Voluntary intoxication shall not be an excuse for any criminal acto or omission. (Acts 1968, pp. 1249, 1270).

(d) O.C.G.A. Sec. 16-3-5  Mistake of fact.  A person shall not be found guilty of a crime if the act or omission to act constituting the crime was induced by a misapprehension of fact which, if true, would have justified the act or omission. (Acts 1968, pp. 1249, 1270; Acts 1969, pp. 857, 859).

(e) For such other relief as this Honorable Court may deem right and just.

This ___ day of _____, 1997.

Respectfully Submitted,

_____
JAMES M. SETTERS
Attorney for Defendant

Roberson Mill Road
Milledgeville, GA 31061
(912) 452-9162
State Bar No.

Respectfully Submitted,

_____
THOMAS J. O'DONNELL, JR.
Attorney for Defendant

118 S. Wilkinson St., Suite 11
Milledgeville, GA  31061
(912) 452-1183
State Bar No. 549987

26

**GEORGIA, BALDWIN COUNTY**

I hereby certify that I have this day served the foregoing **PETITION FOR PSYCHIATRIC EVALUATION** *EX PARTE, IN CAMERA,* **AND ON A SEALED RECORD** upon ROSEMARY I. FORDHAM PHILLIPS, Clerk of Superior Court, Baldwin County Courthouse, Milledgeville, Georgia.

Said Motion was served by hand-delivery.

This _l/_ day of _____ April _____, 1997.

Respectfully Submitted,                          Respectfully Submitted,

_____                          _____
JAMES M. SETTERS                                 THOMAS J. O'DONNELL, JR.
Attorney for Defendant                           Attorney for Defendant
State Bar No.                                     State Bar No. 549987

FILED IN OFFICE THIS
14th DAY OF _April_, 19 97
_Rosemary F. Phillips_
CLERK OF SUPERIOR COURT,
BALDWIN COUNTY, GEORGIA

27

## IN THE SUPERIOR COURT OF BALDWIN COUNTY
## STATE OF GEORGIA

STATE OF GEORGIA,                                    *

vs.                                                  * CASE NO. _39 2443_

MARION WILSON, JR.,                                  *
Defendant

---

### ORDER GRANTING LEAVE TO PROCEED *EX PARTE,*
### *IN CAMERA* AND ON A SEALED RECORD WITH REGARD TO
### APPLICATIONS FOR EXPERT AND INVESTIGATIVE ASSISTANCE

UPON MOTION of the Defendant for leave to proceed *ex parte, in camera* and on a sealed record with regard to any applications for expert and investigative assistance, and the Court being sufficiently advised, the motion is hereby granted with regard to all requests for funds for such assistance necessary to prepare the defense of this case.

Counsel for the defendant shall be allowed to file written motions for such assistance without serving a copy on the District Attorney. Al such motions shall bear the following legend, preceding and separated from the style of the motion: EX PARTE PLEADING -- TO BE PLACED UNDER SEAL. The clerk shall file stamp the motion and place it under seal in an envelope clearly marked: SEALED PLEADING -- ACCESS BY COURT ORDER ONLY. Counsel shall provide the Court with a courtesy copy of the motion.

If a hearing is necessary to consider the motion, it shall be conducted in chambers. The court reporter will take down the proceeding, but any transcript shall be made available only to defense counsel and the Court until further order of the Court. The court reporter is hereby ordered not to provide the transcript or disclose any information regarding the proceeding to any other persona dn to place the original in an envelope, sealed and clearly marked: "SEALED TRANSCRIPT -- ACCESS BY COURT ORDER ONLY."

The clerk shall not permit any person, other than the Court and counsel for the defendant, to examine such motions, orders and transcripts regarding such applications for funds. These motions shall be segregated from the remainder of the file in the case and shall be locked securely so that no unauthorized access is allowed.

28

The Clerk, the Sheriff, and any deputies from his office, and the court reporter are hereby restrained under penalty of contempt from disclosing to anyone the nature of any motion or order relating thereto, any testimony or colloquy adduced at any hearing on such motions, the text of any transcript, or any other information disclosed in such proceedings.

SO ORDERED this 11 Day of _April_, 1997.

_Hulone E George_
JUDGE, Superior Court
Baldwin County, Georgia
Ocmulgee Judicial Circuit

FILED IN OFFICE THIS
14th DAY OF _April_, 19 97
_Rosemary F. Phillips_
CLERK OF SUPERIOR COURT,
BALDWIN COUNTY, GEORGIA

29

IN THE SUPERIOR COURT OF BALDWIN COUNTY
STATE OF GEORGIA

STATE OF GEORGIA      *CASE NO. <u>39249B</u>

                     *

vs.                        *CHARGES:

                       *COUNTS 1 & 2: MURDER

MARION WILSON, JR.      *COUNT 3: ARMED ROBBERY

Defendant            *COUNT 4: HIJACKING A MOTOR VEHICLE

                       *COUNT 5: POSSESSION OF A FIREARM

                       *   DURING THE COMMISSION OF A CRIME

                       * COUNT 6: POSSESSION OF A SAWED-OFF

                       *   SHOTGUN

---

## MOTION FOR LEAVE TO PROCEED
## *EX PARTE, IN CAMERA,* AND ON A SEALED RECORD WITH REGARD TO
## APPLICATIONS FOR EXPERT AND INVESTIGATIVE ASSISTANCE

COMES NOW Marion Wilson, Jr., Defendant herein, by and through his counsels of record, and respectfully moves this Honraobel Court for leave to proceed *ex parte, in camera,* and on asealed record with regard to any applications for expert and investigative assistance which may be necessary f  `im to adequately defndant eh charges against him.  This motion is made purusant to the decision o.  ne Georgia Supreme Court in <u>Brooks v. State</u>, 259 Ga. 562, 385 S.E. 2d 81 (1989), <u>cert denied</u>, 494 U.S. 1018 (1990); the Fifth, Sixth, Eighth, and Fourtheeenth Amendments to the United States Constitution, Article I, Section I, Paragraphs 1,2 12, 14, 15, 16, and 17 of the Goergia Constyituiont; O.C.G.A. Sec. 17-12-31, 17-12-44, 24-9-20, and 24-9-21; and other applicable law.

In support of his motion, Defendant shows the following:

1.  The accused has been indicted and charged with the above-captioned offenses. The prosecution has announed its intent to seek the death penalty.

2.  Defenant is indigent.  He does not have hte money to retain an attorney or obtain the expert and investigative assistrnace necessary for his defense.  This Court has lareadly determinte dthat he is indigent and has appointed counseld for him becuase of his indigence.

3.  Where a sufficient showing of need is made, a defendant is entitled to expert an/or investigative assistance at the expernse of the county so that he may have a "fair opportunity to present his defense" and "the opportunity to participate meaningfully ina judicial proceeding in which his liberty is at stake." <u>Brooks v. State</u>, 385 S.E.2d at 83-84 (quoting <u>Ake v. Oklahoma</u>, 470 U.S. 68, 76, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985)).  <u>See also Thornton v. State</u>, 255 Ga. 434, 339 S.E.2d 240 (1986).  This right is not limited to mental health experts.  In <u>Thornton</u>, for example, the Georgia Supreme Cour held that hte defendant was entitled to funds for appointment of a forensic dental e⟩   t.

WHEREFORE, Defendant prays that this Court enter an order granting his right to proceed *ex parte, in camera*, and on a sealed record with regard to applications for funds and establishing procedures which protect his against disclosure of any information revealed in making such applications.

This 12 Day of _____, 1997.

Respectfully Submitted,                          Respectfully Submitted,

JAMES M. SETTERS                                 THOMAS J. O'DONNELL, JR.
Attorney for Defendant                           Attorney for Defendant

Roberson Mill Road                               118 S. Wilkinson St.
Milledgeville, GA 31061                          Milledgeville, GA 31061
(912) 452-9162                                   (912) 452-1183
State Bar No.                                    State Bar No. 549987

31

GEORGIA, BALDWIN COUNTY

I certify that I have this day served the foregoing MOTION FOR LEAVE TO PROCEED EX PARTE, IN CAMERA, AND ON A SEALED RECORD WITH REGARD TO APPLICATIONS FOR EXPERT AND INVESTIGATIVE ASSISTANCE, upon the Clerk of Superior Court, Baldwin County Courthouse, Milledgeville, Georgia.

Said Motion was served by hand-delivery.

This _n_ day of _____, 1997.

Respectfully Submitted,

THOMAS J. O'DONNELL, JR.
Attorney for Defendant
State Bar No. 549987

JAMES M. SETTERS
Attorney for Defendant
State Bar No.

FILED IN OFFICE THIS
_14th_ DAY OF _April_ 19_97_
_Rosemary J. Phillips_
Clerk of the Superior Court
Baldwin Co., Ga.

32

IN THE SUPERIOR COURT OF BALDWIN COUNTY
STATE OF GEORGIA

STATE OF GEORGIA,                        *CASE NO. 39249
                                         *
vs.                                      * CHARGES: Counts 1 and 2: Murder
                                         * Count 3: Armed Robbery
MARION WILSON,                           * Count 4: Hijacking a Motor Vehicle
Defendant                                * Count 5: Possession of a Firearm During
                                         *          the Commission of a Crime
                                         * Count 6: Possession of a Sawed-Off Shotgun

## PETITION FOR SOCIOLOGICAL EVALUATION *EX PARTE, IN CAMERA,* AND ON A SEALED RECORD

COMES NOW Marion Wilson, Jr., Defendant herein, by and through his counsels of record, and shows this Honorable Court the following:

1. The Defendant has been indicted and charged with murder. The prosecution has announced its intention to seek the death penalty.

2. The Defendant is indigent. He does not have the money to retain an attorney or to obtain the expert and investigative assistance necessary for his defense. This Court has already determined that he is indigent and has appointed counsel for him because of his indigence.

3. Defendant's attorneys have reason to believe that the Defendant has a checkered past manifested by a broken home and other sociological problems that could mitigate the circumstances of the incident, as well as mitigate his culpability.

WHEREFORE, counsels pray that an order issue allowing the Defendant to be examined by a competent sociologist, and that a report of such examination be submitted to the Court, Attorneys for the Defendant, and the District Attorney.

This _11_ day of _____, 1997.

Respectfully Submitted,                  Respectfully Submitted,

JAMES M. SETTERS                         THOMAS J. O'DONNELL, JR.
Attorney for Defendant                   Attorney for Defendant
Roberson Mill Road                       118 S. Wilkinson St., Suite 11
Milledgeville, GA 31061                  Milledgeville, GA 31061
(912) 452-9162                           (912) 452-1183
State Bar No.                            State Bar No. 549987

33

**GEORGIA, BALDWIN COUNTY**

I hereby certify that I have this day served the foregoing **PETITION FOR SOCIOLOGICAL EVALUATION** *EX PARTE, IN CAMERA,* **AND ON A SEALED RECORD** upon ROSEMARY I. FORDHAM PHILLIPS, Clerk of Superior Court, Baldwin County Courthouse, Milledgeville, Georgia.

Said Motion was served by hand-delivery.

This _11_ day of _April_____, 1997.

Respectfully Submitted,                    Respectfully Submitted,

JAMES M. SETTERS                           THOMAS J. O'DONNELL, JR.
Attorney for Defendant                     Attorney for Defendant
State Bar No.                              State Bar No. 549987

FILED IN OFFICE THIS
_14th_ DAY OF _April_, 19 _97_
_Rosemary F. Phillips_
CLERK OF SUPERIOR COURT,
BALDWIN COUNTY, GEORGIA

34

IN THE SUPERIOR COURT OF BALDWIN COUNTY
STATE OF GEORGIA

STATE OF GEORGIA     :
           :
   V.       :   CASE NO. 39249
           :
MARION WILSON, JR.    :
   Defendant     :

### ORDER APPOINTING COUNSEL

It appearing to the Court, for good cause shown, that defendant's co-counsel, James Setters, should be relieved of representation of the defendant, and it appearing to the Court that the defendant is in need of counsel during the pendency of a criminal death penalty case;

It is ORDERED that James Setters is relieved of said representation and that J. Philip Carr, Attorney at Law, be and hereby is appointed as co-counsel for the said Marion Wilson. Thomas O'Donnell, Attorney at Law, shall remain lead counsel for the said Defendant.

This ___27___ day of May, 1997.

          _Hulane E. George_
          Hulane E. George, Judge
          Ocmulgee Judicial Circuit

35

## CERTIFICATE OF SERVICE

I, Jennifer T. Strange, Secretary to Judge Hulane E. George, do hereby certify that I have this day served the within Order upon the individuals listed below by mailing a true copy of said Order to them by U.S. Mail in envelopes having sufficient postage thereon to insure delivery and addressed as follows:

Mr. Fred Bright
District Attorney
Post Office Box 1209
Gray, Georgia 31032

Mr. Steve Bradley
Assistant District Attorney
Baldwin County Courthouse
Milledgeville, Georgia 31061

Mr. Thomas O'Donnell
Attorney at Law
118 South Wilkinson Street, Suite 11
Milledgeville, Georgia 31061

Mr. James Setters
Attorney at Law
185 Roberson Mill Road
Milledgeville, Georgia 31061

Mr. J. Philip Carr
Attorney at Law
118 South Wilkinson Street, Suite 5
Milledgeville, Georgia 31061

This 28th day of May, 1997.

Jennifer T. Strange
Post Office Box 1050
Milledgeville, GA 31061

FILED IN OFFICE THIS
28th DAY OF May 19 97
Rosemary F. Phillips CDC
CHIEF DEPUTY CLERK OF SUPERIOR COURT BALDWIN CO. GEORGIA

36

# IN THE SUPERIOR COURT OF BALDWIN COUNTY
## STATE OF GEORGIA

STATE OF GEORGIA        *

vs.      * CASE NO. 39249

     *

MARION WILSON, JR.,      * COUNTS 1 & 2: Murder
Defendant      * COUNT 3: Armed Robbery
     * COUNT 4: Hijacking a Motor Vehicle
     * COUNT 5: Possession of a Firearm
     *     During hte Commission of a Crime
     * COUNT 6: Possession of Sawed-Off
     *     Shotgun

---

## MOTION FOR CHANGE OF VENUE

COMES NOW Marion Wilson, Jr., Defendant, by and through his attorneys of record, and hereby moves this Court, pursuant to Article I, Section I, Paragraphs 1, 2, 11, 12, 14, and 17 of the Georgia Constitution, the Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States, O.C.G.A. Sec. 17-7-150, and other applicable law, for an order changing venue another, demographically similar, county where Defendant may be expected to secure an impartial jury.

In support of his motion, Defendant states as follows:

1. Defendant is before this Honorable Court charged with murder, armed robbery, hijacking a motor vehicle, possession of a firearm during the commission of a crime, and possession of a sawed-off shotgun. The State has announced its intent to seek the death penalty.

2. Since this is to be a capital prosecution, exacting standards must be met to assure that it is fair. "The fundamental respect for humanity underlying the Eighth Amendment's prohibition against cruel and unusual punishments gives rise to a special'"'need for reliability in the determination that death is the appropriate punishment'" in any capital case." Johnson v. Mississippi, 486 U.S. 578, 584, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988) (quoting Gardner v. Florida, 430 U.S. 349, 363-64, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977) (quoting Woodson v. North Carolina, 428 U.S. 280, 305, 96 S.Ct. 2978, 49 L.ED.2d 944 (1976) (White, J., concurring))).

3. This case, i.e. the crime, the investigation, the arrest of Defendant, the pretrial procedures, and the upcoming trial, has received a tremendous amount of publicity. The Union-Recorder, Macon Telegraph, and Atlanta Journal and Constitution, as well as numerous television and radio stations, have carried numerous reports about the case in the time since this crime occurred.

37

4.  The Fourteenth Amendment's due process clause safeguards a defendant's Sixth Amendment right to be tried by "a panel of impartial, 'indifferent' jurors." Irvin v. Dowd, 366 U.S. 717, 722, 81 S.Ct. 1639, 6 L.ED.2d 751 (1961). A change of venue is required under circumstances that make a fair trial improbable in Baldwin County, Georgia. See Jones v. State, 261 Ga. 665, 409 S.E.2d 642, 643 (1991); Tyree v. State, 262 Ga. 395, 418 S.E.2d 16 (1992); Rideau v. Louisiana, 373 U.S. 723, 83 S.Ct. 1417, 10 L.ED.2d 663 (1963); Coleman v. Zant, 708 F.2d 541 (11th Cir. 1983) (Coleman I); Coleman v. Kemp, 778 F.2d 1487 (11th Cir. 1985), cert. denied, 476 U.S. 1164 (1986) (Coleman II); Mayola v. Alabama, 623 F.2d 992, 997 (5th Cir. 1980), cert. denied, 451 U.S. 913 (1981); Ross v. Hopper, 716 F.2d 1528, 1541 (11th Cir. 1983), modified in other respects, 756 F.2d 1483 (1985) (en banc), remanded on other grounds, 785 F.2d 1467 (1986); Pamplin v. Mason, 364 F.2d 1, 4-5 (5th Cir. 1966).

5.  In Irvin v. Dowd, *supra*, the Supreme Court vacated a conviction and sentence of death because of pretrial publicity and community attitudes. The Court found the "then current community pattern of thought as indicated by the popular new media" to establish a clear and convincing "build-up of prejudice." 366 U.S. at 725. Although each juror in Irvin indicated that he could render an impartial verdict during a voir dire procedure which took four weeks to complete, id. at 720, 724, the Supreme Court nevertheless concluded:

> Where one's life is at stake -- and accounting for the frailties of human nature -- we can only say that in the light of the circumstances here the finding of impartiality does not meet constitutional standards.

Id. at 727-28.

6.  Similarly, in Rideau v. Louisiana, the Court, in setting aside a conviction and death sentence, recognized that:

> Where outside influences affecting the community's climate of opinion as to a defendant are inherently suspect, the resulting probability of unfairness requires suitable procedural safeguards, such as a change of venue, to assure a fair and impartial trial.

Id., 373 U.S. at 727. In reversing the conviction in Sheppard v. Maxwell, the Supreme Court stated, [d]ue process requires that the accused receive a trial by an impartial jury free from outside influences." Id., 384 U.S. at 362. These cases establish that a change of venue is constitutionally required where there is a "reasonable likelihood" that the community sentiment or pretrial publicity will prevent a fair trial. Sheppard v. Maxwell, 384 U.S. at 333. A criminal defendant's "most priceless" safeguard is the right to a trial by a fair and impartial jury untainted by pretrial publicity. Irvin v. Dowd, 366 U.S. at 721. See also United States v. Williams, 568 F.2d 464 (5th Cir. 1978); Pamplin v. Mason, 364 F.2d (5th Cir. 1966); United States v. Abrahams, 453 F.Supp. 749 (D.Mass. 1978).

38

7.  As has repeatedly been recognized by the federal courts, under these circumstances voir dire is not adequate to protect the accused's right to a fair trial by an impartial jury.  See Coleman II, 778 F.2d at 1542; Brinlee v. Crisp, 608 F.2d 839, 845 (10th Cir. 1979), cert. denied, 444 U.S. 1047 (1980) ("[t]he jurors' assurances that they are equal to the task are not dispositive of the rights of the accused"); United States v. Williams, 568 F.2d 464, 471 (5th Cir. 1978) ("[t]he effect of exposure to extra-judicial reports on a juror's deliberations may be substantial even though it is not perceived by the juror himself, and a juror's good faith cannot counter this effect"); Silverthorne v. United States, 400 F.2d 627, 639 (9th Cir. 1968); United States v. Polizzi, 500 F.2d 856, 879 (9th Cir. 1974), cert. denied, 419 U.S. 1120 (1975); Bloeth v. Denno, 313 F.2d 364 (2nd Cir. 1963), cert. denied, 372 U.S. 978 (1963) (jury could not honestly be found to be impartial in spite of the fact that jurors gave assurances of impartiality); Delaney v. United States, 199 F.2d 107, 112-13 (1st Cir. 1952).

8.  The Georgia Supreme Court has held that a change of venue is required where the "defendant can make a substantive showing of the likelihood of prejudice by reason of extensive publicity." Jones v. State, 261 Ga. 665, 409 S.E.2d 642, 643 (1991).  See also Tyree v. State, 262 Ga. 395, 418 S.E.2d 16 (1992).

9.  As will be demonstrated at the evidentiary hearing on this motion, there has been a great deal of highly prejudicial and pervasive publicity in this case.

10.  In addition to the media and word-of-mouth publicity in this County, there has been the dissemination of extremely prejudicial material in the surrounding counties.

11.  Obviously, a jury drawn from a pool tainted by such misstatements and incorrect information would not be able to provide Defendant with a fair trial.

12.  The United States Supreme Court has repeatedly condemned such governmental interference with the right to a fair trial, and emphasized that such involvement provides additional reason to move the case elsewhere.  See Irvin v. Dowd, 366 U.S. at 730 (Frankfurter, J., concurring); Rideau v. Louisiana, 373 U.S. at 725; Sheppard v. Maxwell, 384 U.S. at 359-61. As the Court stated in Sheppard:

> Had the . . . officers of the court[] and police placed the interest of justice first, the news media would have soon learned to be content with the task of reporting the case as it unfolded in the courtroom -- not pieced together from extrajudicial statements.

Id. At 362.

13.  The circumstances of this case along with the extensive publicity and community knowledge surrounding it, clearly indicate -- and a hearing on this motion will further show -- that a refusal to grant a change of venue would unequivocally deny Defendant due process of law.

39

14. In the context of a death penalty case, the accused's right to a fair and impartial jury takes on additional importance because of Eighth Amendment considerations. For example, the discretion granted penalty trial juries by Georgia's capital sentencing statute means that a failure to grant a change of venue in the face of the kind of prejudicial pretrial publicity found in Defendant's case will never constitute harmless error. Coleman II, 778 F.2d at 1540 n.24.

15. In this case, the sheer weight of the media coverage of Defendant's case is an important factor favoring a change of venue. The overwhelming showing of pretrial publicity creates a presumption that a change of venue must be granted to a location where the jury has not been tainted in this manner. See Jones v. State, supra.

16. It would be error for jurors to see the defendant in shackles because it violates the presumption of innocence. See, e.g., Estelle v. Williams, 425 U.S. 501, 503-04, 96 S.Ct. 1691, 1692, 48 L.ED.2d 126, 130 (1976); Hickson v. State, 472 So.2d 379, 383 (Miss. 1985); Brewster v. Bordenkircher, 745 F.2d 913, 916-17 (4th Cir. 1984); Hernandez v. Beto, 443 F.2d 634, 636-37 (5th Cir. 1971); Kennedy v. Cardwell, 487 F.2d 101, 104 (6th Cri. 1973), cert. denied, 416 U.S. 959 (1974); Zygadlo v. Wainwright, 720 F.2d 1221, 1223 (11th Cir. 1983); State v. Crawford, 99 Idaho 87, 577 P.2d 1135, 1143-44 (1978); Shultz v. State, 131 Fla. 757, 179 So. 764, 765 (1938); Blair v. Commonwealth, 171 Ky. 319, 188 S.W. 390, 393-94 (1916).

17. Perhaps even more damaging than inadmissible evidence is "non-evidence" -- "facts" which appear in the media or are "known" to potential jurors which are simply not true. These are highly prejudicial to Defendant's right to a jury "capable and willing to decide the case solely on the evidence before it." Smith v. Phillips, 455 U.S. 209, 217, 102 S.Ct. 940, 71 L.ED.2d 78 (1982); Issacs v. Kemp, 778 F.2d 1482, 1486 (11th Cir. 1985) (change of venue necessary where jurors "prematurely heard the government's case against the defendant").

18. Defendant has a constitutional right to be tried in the venue where the crime occurred. This is because there is "a community standard or conscience [which is], in the jury's discretion, to be applied." United States v. Spock, 416 F.2d 165, 183 (1st Cir. 1969) (emphasis supplied). IT is the injection of local mores into the occasionally harsh implementation of the law which Judge Learned Hand approved as introducing "slack in the enforcement of law, tempering its rigor by the mollifying influences of current ethical conventions." United States ex rel. McCann v. Adams, 126 F.2d 774, 776 (2nd Cir. 1942). As the Supreme Court has held, "the essential feature of a jury obviously lies in the interposition between the accused and his accuser of the common-sense judgment of a group of laymen, and in the community participation and shared

40

esponsibility that results from the group's determination of guilt or innocence." Williams v. Florida, 399 U.S. 78, 100, 90 S.Ct. 1893, 26 L.ED.2d 446 (1970). The right to trial in a particular venue, then, carries with it the right to be tried by one's peers, those people who share the values which permeate the locality. While it is impossible to secure an impartial jury in this County, that does not mean that Defendant must be denied his right to a fair trial, or made to choose between that right and the right to a jury of his peers. Brooks v. Tennessee, 406 U.S. 605, 92 S.Ct. 1891, 32 L.ED.2d 358 (1972) (assertion of one constitutional right cannot be conditioned on the waiver of another). Rather, courts must seek to make the two rights "harmonious neighbors." Mississippi Publishers Co. v. Coleman, 515 So.2d 1163, 1165 (Miss. 1987). Defendant, therefore, has the right to a transfer to a county where he could secure an impartial jury (and preserve his right to a fair trial) and a jury comparable to that in the vicinage where the crime occurred (preserving his right to community standards analogous to those in this County). Thus, this transfer should be to a county with at least the same proportion of African-American citizens as this County.

WHEREFORE, Defendant prays that this Court enter an order granting Defendant a change of venue to a location far enough away from this County to assure a fair trial, and order an evidentiary hearing on the question of which county would be suitable.

This 24 Day of June, 1997.

Respectfully Submitted,

J. PHILIP CARR
Attorney for Defendant

118 S. Wilkinson St.
Owen Bldg., Suite 5
Milledgeville, GA 31061
(912) 452-5385
State Bar No. 111888

Respectfully Submitted,

THOMAS J. O'DONNELL, JR.
Attorney for Defendant

118 S. Wilkinson St.
Owen Bldg., Suite 11
Milledgeville, GA 31061
(912) 452-1183
State Bar No. 549987

41

GEORGIA, BALDWIN COUNTY

I certify that I have this day served the foregoing MOTION FOR CHANGE OF VENUE upon FREDRIC BRIGHT, District Attorney, Baldwin County Courthouse, Milledgeville, Georgia.

Said Motion was served by hand-delivery.

This 24 day of June , 1997.

Respectfully Submitted,                          Respectfully Submitted,

J. PHILIP CARR                                   THOMAS J. O'DONNELL, JR.
Attorney for Defendant                           Attorney for Defendant
State Bar No. 111888                             State Bar No. 549987

FILED IN OFFICE THIS
24th DAY OF June 19 97
Marian J. Chambers DH
CHIEF DEPUTY CLERK OF SUPERIOR COURT BALDWIN

42

IN THE SUPERIOR COURT OF BALDWIN COUNTY
STATE OF GEORGIA

| | |
|---|---|
| STATE OF GEORGIA | * |
| | * CASE NO. 39249 |
| vs. | * |
| | * COUNTS 1 & 2: Murder |
| MARION WILSON, JR., | * COUNT 3: Armed Robbery |
| Defendant | * COUNT 4: Hijacking a Motor Vehicle |
| | * COUNT 5: Possession of a Firearm |
| | *    During hte Commission of a Crime |
| | * COUNT 6: Possession of Sawed-Off |
| | *    Shotgun |

## MOTION FOR NOTICE OF STATE WITNESSES

COMES NOW Marion Wilson, Jr., Defendant, by and through his attorneys of record, and respectfully moves this Court, pursuant to the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, Article I, Section I, Paragraphs 1, 2, 11, 12, 14, 16, and 17 of the Georgia Constitution, O.C.G.A. Sec. 17-7-110, Unified Appeal Rule II(A)(4), ar⁻¹ other applicable law, for an order directing the state to provide Defendant with a list of all the s.._'s witnesses, including the witnesses' names, addresses and telephone number, no later than 60 days prior to trial and directing that no witness whose name has not been revealed to the defense in this manner may be allowed to testify for the state at trial for any purpose.

In support of this motion, counsel states the following:

1. Defendant is before this Honorable Court charged with murder, armed robbery, hijacking a motor vehicle, possession of a firearm during the commission of a crime, and possession of a sawed-off shotgun.  The State has announced its intent to seek the death penalty.

2. The prosecution is required to provide the defendant a complete list of witnesses prior to trial.  O.C.G.A. Sec. 17-7-110; Unified Appeal Rule II(A)(4).  The state is required to supplement its list of witnesses so that the defendant has a complete list far enough in advance of trial to allow him the opportunity to interview all state witnesses.  Chezem v. State, 199 Ga.App. 869, 406 S.E.2d 522 (1991).  This list should include witnesses' addresses and phone numbers. See Cargill v. State, 255 Ga. 616, 340 S.E.2d 891 (1986).

3. If the prosecutor fails to provide the defense with a witness' name, address, and telephone number in advance of trial, the witness must be excluded from testifying at trial. Workman v. State, 198 Ga.App. 455, 402 S.E.2d 76 (1991).  Additionally, if a witness is barred from testifying in the state's case-in-chief due to the prosecutor's failure to notify counsel prior to tri⁻¹ such witness cannot be called in rebuttal.  Cunningham v. State, 137 Ga.App. 758, 225 S.._d 98 (1976).

43

WHEREFORE, Defendant prays that this Court order the state to provide the defense with a complete list of all the state's witnesses, their names, addresses and telephone numbers, no later than 60 days prior to trial; order the state to supplement that list immediately if any new witnesses are discovered; order that no witness whose identity, name, address, and telephone number has not been provided to the defense may be allowed to testify for the state for any purpose at trial; and grant such other relief as may be just and proper under the circumstances.

This _24_ Day of _June_, 1997.

Respectfully Submitted,

J. PHILIP CARR
Attorney for Defendant

118 S. Wilkinson St.
Owen Bldg., Suite 5
Milledgeville, GA 31061
(912) 452-5385
State Bar No. 111888

Respectfully Submitted,

THOMAS J. O'DONNELL, JR.
Attorney for Defendant

118 S. Wilkinson St.
Owen Bldg., Suite 11
Milledgeville, GA 31061
(912) 452-1183
State Bar No. 549987

44

GEORGIA, BALDWIN COUNTY

I certify that I have this day served the foregoing MOTION FOR NOTICE OF STATE WITNESSES upon FREDRIC BRIGHT, District Attorney, Baldwin County Courthouse, Milledgeville, Georgia.

Said Motion was served by hand-delivery.

This 24 day of June, 1997.

Respectfully Submitted,

_J. PHILIP CARR_
Attorney for Defendant
State Bar No. 111888

Respectfully Submitted,

_THOMAS J. O'DONNELL, JR._
Attorney for Defendant
State Bar No. 549987

FILED IN OFFICE THIS
24th DAY OF JUNE 19 97
J. Chambers

CHIEF DEPUTY CLERK OF SUPERIOR COURT BALDWIN CO. GEORGIA

45

## IN THE SUPERIOR COURT OF BALDWIN COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| STATE OF GEORGIA | * |
| | * CASE NO. 39249 |
| vs. | * |
| | * COUNTS 1 & 2: Murder |
| MARION WILSON, JR., | * COUNT 3: Armed Robbery |
| Defendant | * COUNT 4: Hijacking a Motor Vehicle |
| | * COUNT 5: Possession of a Firearm |
| | *   During hte Commission of a Crime |
| | * COUNT 6: Possession of Sawed-Off |
| | *   Shotgun |

## MOTION FOR DAILY TRANSCRIPT

COMES NOW Marion Wilson, Jr., Defendant, by and through his attorneys of record, and respectfully moves this Court, pursuant to Article 1, Section 1, Paragraphs 1, 2, 11, 12, 14, 16, and 17 of the Georgia Constitution, the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and other applicable law, for an order directing that the court reporter provide a daily transcript of the court proceedings.

In support of this motion, counsels state the following:

1. Defendant is before this Honorable Court charged with murder, armed robbery, hijacking a motor vehicle, possession of a firearm during the commission of a crime, and possession of a sawed-off shotgun.  The State has announced its intent to seek the death penalty.

2. The case before the Court involves numerous complex issues, all of which involve even more complex evidentiary and procedural issues.

3. A review of the daily proceeding is necessary so counsel can adequately safeguard the due process rights of Defendant and adequately prepare Defendant's defense.

4. The state has listed numerous possible witnesses, several of whom it is believed will testify contrary to previous statements (both oral and written) and counsel must be prepared to adequately cross-examine those witnesses.  The only way which counsel can provide effective assistance of counsel is to be provided a daily transcript of testimony.

46

WHEREFORE, Defendant prays that this Court grant this motion and order the court reporter to provide a daily transcript of testimony.

This 24 Day of June , 1997.


Respectfully Submitted,

_____
J. PHILIP CARR
Attorney for Defendant

118 S. Wilkinson St.
Owen Bldg., Suite 5
Milledgeville, GA 31061
(912) 452-5385
State Bar No. 111888


Respectfully Submitted,

_____
THOMAS J. O'DONNELL, JR.
Attorney for Defendant

118 S. Wilkinson St.
Owen Bldg., Suite 11
Milledgeville, GA 31061
(912) 452-1183
State Bar No. 549987


47

GEORGIA, BALDWIN COUNTY

I certify that I have this day served the foregoing MOTION FOR DAILY TRANSCRIPT upon FREDRIC BRIGHT, District Attorney, Baldwin County Courthouse, Milledgeville, Georgia.

Said Motion was served by hand-delivery.

This 24 day of June, 1997.


Respectfully Submitted,

J. PHILIP CARR
Attorney for Defendant
State Bar No. 111888

Respectfully Submitted,

THOMAS J. O'DONNELL, JR.
Attorney for Defendant
State Bar No. 549987

FILED IN OFFICE THIS
24th DAY OF June 19 97

CHIEF DEPUTY CLERK OF SUPERIOR COURT BALDWIN CO. GEORGIA

48

## IN THE SUPERIOR COURT OF BALDWIN COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| STATE OF GEORGIA | * |
| | * CASE NO. 39249 |
| vs. | * |
| | * COUNTS 1 & 2: Murder |
| MARION WILSON, JR., | * COUNT 3: Armed Robbery |
| Defendant | * COUNT 4: Hijacking a Motor Vehicle |
| | * COUNT 5: Possession of a Firearm |
| | *     During hte Commission of a Crime |
| | * COUNT 6: Possession of Sawed-Off |
| | *    Shotgun |

## MOTION FOR DISCOVERY OF EXCULPATORY INFORMATION
## AND
## INFORMATION TO IMPEACH OR DISCREDIT STATE WITNESSES

COMES NOW Marion Wilson, Jr., Defendant, by and through his attorneys of record, and respectfully moves this Honorable Court, pursuant to the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, Article I, Section I, Paragraphs 1, 2, 11, 12, 14, 16, and 17 of the Georgia Constitution, Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and other applicable law, for an order directing the State to reveal any exculpatory information and any information which could be used to impeach or discredit the testimony of any state witness.

In support of this motion, counsels state the following:

1. Defendant is before this Honorable Court charged with murder, armed robbery, hijacking a motor vehicle, possession of a firearm during the commission of a crime, and possession of a sawed-off shotgun. The State has announced its intent to seek the death penalty.

2. A criminal defendant is entitled to any information the state has that is *exculpatory* or favorable to the defense or is likely to lead to evidence that is exculpatory or favorable. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); Williams v. State, 250 Ga. 463, 298 S.E.2d 492 (1983).

3. A defendant's discovery rights include any impeachment information. Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). This covers agreements or arrangements with state witnesses whose testimony is material to the proceedings. The Georgia Supreme Court has interpreted Giglio to mean that "the state is under a duty to reveal any agreement with a witness, even an informal one." Owens v. State, 251 Ga. 313, 305 S.E.2d 102, 105 (1983). Prior convictions of a witness known to the prosecution must also be revealed to the

49

defense.  See Hines v. State, 249 Ga. 257, 290 S.E.2d 911 (1982); Hayes v. State, 168 Ga. App. 94, 308 S.E.2d 227 (1983).  See also Martinez v. Wainwright, 621 F.2d 184, 185 (5th Cir. 1980); Giles v. Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967) (right to argue inconsistent prior statements);  Monroe v. Blackburn, 607 F.2d 148 (5th Cir. 1979), cert denied, 446 U.S. 957 (1980);  Davis v. Heyd, 479 F.2d 446 (5th Cir. 1973).

    4.  Other information relating to the credibility of a state's witness is impeaching.  This includes a potentially wide range of information, including, but not limited to, the fact that the witness is in pretrial diversion, the fact that a witness has offered to inform on other defendants information casting doubt on the witness' ability to observe, information casting doubt on the witness' memory, information that the witness previously has testified untruthfully, and information about a witness' drug or alcohol abuse.

    5.  The District Attorney's duty to reveal exculpatory or impeachment information includes a duty to seek out and discovery evidence or information within the knowledge or custody of other state, government, or law enforcement agencies.  As the Fifth Circuit held in Freemen v. Georgia, 599 F.2d 65 (5th Cir. 1979), the actions or inactions of one governmental actor must be imputed to another:

> The duty of disclosure is that the state, which ordinarily
> acts through the prosecuting attorney; but if he too is the victim
> of police suppression of the material information, the state's failure
> is not on that account excused.

Id. at 70 (quoting Barbee v. Warden, 331 F.2d 842 (4th Cir. 1964)).  Accord Schneider v. Estelle, 552 F.2d 593 (5th Cir. 1977); Smith v. Florida, 410 F.2d 1349, 1351 (5th Cir. 1969); Royal v. Dutton, 392 F.2d 544 (5th Cir. 1968); Jackson v. Wainwright, 390 F.2d 288, 296 (5th Cir. 1968); Calley v. Callaway, 519 F.2d 184, 223 (5th Cir. 1975) (en banc) ("evidence actually or constructively in the prosecution's possession or accessible to it") (emphasis supplied), cert. denied, 425 U.S. 911 (1976); United States v. Deutsch, 475 F.2d 55, 57 (5th Cir. 1973) (United States Post Office and Justice Department one entity for purposes of Brady), overruled on other grounds, United States v. Henry, 749 F.2d 203 (5th Cir. 1984); United States v. Hendricks, 661 F.2d 38, 42 n.4 (5th Cir. 1981).

    6.  Since this is a capital case, there is a particularly urgent need for prompt and full discovery of any evidence which is in any way exculpatory or which in any way casts doubt on any aspect of the state's case.  See, e.g., Ex parte Monk, 557 So.2d 832, 836-837 (Ala. 1989). (broadened, open-file discovery required in capital cases).

WHEREFORE, Defendant prays that this Court:

(1) Order the state to reveal to the defense any information or evidence which is exculpatory or which may lead to exculpatory evidence as well as any evidence or information which could be used to impeach or discredit any of the state's evidence or witnesses, including but not limited to any prior convictions of any state witnesses;

(2) Conduct an in camera inspection of those parts of the District Attorney's file not revealed to the defense and place a copy of same under seal;

(3) Grant such other relief as is just and proper.

This 24 Day of June , 1997.

Respectfully Submitted,

J. PHILIP CARR
Attorney for Defendant

118 S. Wilkinson St.
Owen Bldg., Suite 5
Milledgeville, GA 31061
(912) 452-5385
State Bar No. 111888

Respectfully Submitted,

THOMAS J. O'DONNELL, JR.
Attorney for Defendant

118 S. Wilkinson St.
Owen Bldg., Suite 11
Milledgeville, GA 31061
(912) 452-1183
State Bar No. 549987

51

GEORGIA, BALDWIN COUNTY

I certify that I have this day served the foregoing MOTION FOR DISCOVERY OF EXCULPATORY INFORMATION AND INFORMATION TO IMPEACH OR DISCREDIT STATE WITNESSES, upon FREDRIC BRIGHT, District Attorney, Baldwin County Courthouse, Milledgeville, Georgia.

Said Motion was served by hand-delivery.

This 24 day of June , 1997.

Respectfully Submitted,                                   Respectfully Submitted,

J. PHILIP CARR                                            THOMAS J. O'DONNELL, JR.
Attorney for Defendant                                    Attorney for Defendant
State Bar No. 111888                                      State Bar No. 549987

FILED IN OFFICE THIS
24th DAY OF June 19 97
Wanda J. Chambers DA
CHIEF DEPUTY CLERK OF SUPERIOR COURT BALDWIN CO GEORGIA

52

### IN THE SUPERIOR COURT OF BALDWIN COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| **STATE OF GEORGIA** | * |
| | * **CASE NO.** 39249 |
| **vs.** | * |
| | * **COUNTS 1 & 2: Murder** |
| **MARION WILSON, JR.,** | * **COUNT 3: Armed Robbery** |
| **Defendant** | * **COUNT 4: Hijacking a Motor Vehicle** |
| | * **COUNT 5: Possession of a Firearm** |
| | *    **During the Commission of a Crime** |
| | * **COUNT 6: Possession of Sawed-Off** |
| | *    **Shotgun** |

### DEMAND FOR INDICTMENT AND LIST OF WITNESSES

COMES NOW Marion Wilson, Jr., Defendant, by and through his attorneys of record,

and in compliance with the Statutory Provisions set forth in Official Code of Georgia

Sec. 17-7-110 (Michie 1982), Georgia Code Annotated Sec. 27-1304, as amended by the Acts of

the General Assembly of Georgia, 1966, pages 430 and 431, and demands that the District

Attorney furnish Defendant a copy of indictment in said action and list of all witnesses on whose

testimony the charge against Defendant is founded, as well as other witnesses whom the District

Attorney plans to use in the trial of the above-styled case.

This 24 Day of June, 1997.

Respectfully Submitted,

_____
J. PHILIP CARR
Attorney for Defendant

118 S. Wilkinson St.
Owen Bldg., Suite 5
Milledgeville, GA 31061
(912) 452-5385

Respectfully Submitted,

_____
THOMAS J. O'DONNELL, JR.
Attorney for Defendant

118 S. Wilkinson St.
Owen Bldg., Suite 11
Milledgeville, GA 31061
(912) 452-1183

53

GEORGIA, BALDWIN COUNTY

I certify that I have this day served the foregoing DEMAND FOR INDICTMENT AND LIST OF WITNESSES upon FREDRIC BRIGHT, District Attorney, Baldwin County Courthouse, Milledgeville, Georgia.

Said Motion was served by hand-delivery.

This 24 day of June, 1997.

Respectfully Submitted,

_____
J. PHILIP CARR
Attorney for Defendant
State Bar No. 111888

Respectfully Submitted,

_____
THOMAS J. O'DONNELL, JR.
Attorney for Defendant
State Bar No. 549987

FILED IN OFFICE THIS
25th DAY OF June 97
Wanda J. Chambers 1:07A
CHIEF DEPUTY CLERK OF SUPERIOR COURT BALDWIN

54

# IN THE SUPERIOR COURT OF BALDWIN COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **STATE OF GEORGIA** | \* |
| | \* **CASE NO. 39249** |
| **vs.** | \* |
| | \* **COUNTS 1 & 2: Murder** |
| **MARION WILSON, JR.,** | \* **COUNT 3: Armed Robbery** |
| **Defendant** | \* **COUNT 4: Hijacking a Motor Vehicle** |
| | \* **COUNT 5: Possession of a Firearm** |
| | \*   **During the Commission of a Crime** |
| | \* **COUNT 6: Possession of Sawed-Off** |
| | \*   **Shotgun** |

## REQUEST FOR DISCOVERY OF WRITTEN SCIENTIFIC REPORTS

COMES NOW the Defendant in the above-captioned case and in accordance with O.C.G.A. 17-7-211 (Michie 1982), Georgia Code Annotated Sec. 27-1303 (Harrison 1977) and files this request for the State of Georgia to disclose, produce and make available to counsel for Defendant the following:

1. A complete copy of any written scientifici reports or examinations in possession of the State which will be used in whole or in part against the Defendant by the State in its case in chief or in rebuttal.

2. An accurate and complete summary of the results of any scientific test or examination made by the State of which a written reoprt was not prepared which will be used in whole or in part against the Defendant by the State in its case in chief or in rebuttal.

This 24 Day of June , 1997.

Respectfully Submitted,

_____
J. PHILIP CARR
Attorney for Defendant

118 S. Wilkinson St.
Owen Bldg., Suite 5
Milledgeville, GA 31061
(912) 452-1183
State Bar No. 111888

Respectfully Submitted,

_____
THOMAS J. O'DONNELL, JR.
Attorney for Defendant

118 S. Wilkinson St.
Owen Bldg., Suite 11
Milledgeville, GA 31061
(912) 452-1183
State Bar No. 549987

55

GEORGIA, BALDWIN COUNTY

I certify that I have this day served the foregoing REQUEST FOR DISCOVERY OF WRITTEN SCIENTIFIC REPORTS upon FREDRIC BRIGHT, District Attorney, Baldwin County Courthouse, Milledgeville, Georgia.

Said Motion was served by hand-delivery.

This 24 day of June, 1997.

Respectfully Submitted,

J. PHILIP CARR
Attorney for Defendant
State Bar No. 111888

Respectfully Submitted,

THOMAS J. O'DONNELL, JR.
Attorney for Defendant
State Bar No. 549987

FILED IN OFFICE THIS
25th DAY OF June 19 97
Wanda J. Chambers
CHIEF DEPUTY CLERK OF SUPERIOR COURT BALDWIN

56

## IN THE SUPERIOR COURT OF BALDWIN COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| STATE OF GEORGIA | * |
| | * CASE NO. 39249 |
| vs. | * |
| | * COUNTS 1 & 2: Murder |
| MARION WILSON, JR., | * COUNT 3: Armed Robbery |
| Defendant | * COUNT 4: Hijacking a Motor Vehicle |
| | * COUNT 5: Possession of a Firearm |
| | *    During hte Commission of a Crime |
| | * COUNT 6: Possession of Sawed-Off |
| | *   Shotgun |

## MOTION FOR NOTICE OF INTENT TO USE EVIDENCE OF OTHER CRIMES

COMES NOW Marion Wilson, Jr., Defendant, respectfully moves this Court, pursuant to the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article 1, Section I, Paragraph 1, 2, 11, 12, 14, 16, and 17 of the Georgia Constitution, U.S.C.R. Rule 31.1, and other applicable law, for an order directing the state to provide, Defendant with notice, no later than 60 days prior to trial, of its intent to use any evidence of other crime or bad acts or similar transactions or occurrences in evidence against him; in the event such notice is made, to schedule an evidentiary hearing on the issue of the state's use of such evidence; and for an order directing than no evidence which has not been so noticed can be used for any purpose by the state at defendant's trial.

In support of this motion, counsel states the following:

1. Defendant is before this Honorable Court charged with murder, armed robbery, hijacking a motor vehicle, possession of a firearm during the commission of a crime, and possession of a sawed-off shotgun. The State has announced its intent to seek the death penalty.

2. Uniform Superior Court Rule 31.1 requires that the state give notice to the defense of its intention to "present evidence of similar transaction or occurrence" prior to trial. Such notice must be in writing and must identify the transaction(s) by date, county, and name of victim. U.S.C.R. 31.3 (B) Copies of any related accusations, indictments, guilty pleas, or verdicts must be attached to the notice.

WHEREFORE, Defendant prays that this motion be granted and the Court order: (1) the state to provide notice in writing, no later than 60 days prior to trial, of any evidence of other crimes, bad acts, similar transactions or similar occurrences it intends to use at trial; (2) that with respect to each such transactions or occurrence, the state identify the same by date, county and state, and name of victim; (3) that with respect to each such transactions, the state provide copies of any documents, including but not limited to accusations, indictments, pleas and verdict forms;

57

(4) that no evidence of any transactions not so noticed can be used by the state for any purpose;
(5) that a hearing be scheduled in advance of trial to determine what evidence will be admissible;
and (6) such other relief as is just and proper.


This 24 Day of June , 1997.



Respectfully Submitted,                          Respectfully Submitted,


J. PHILIP CARR                                   THOMAS J. O'DONNELL, JR.
Attorney for Defendant                           Attorney for Defendant


118 S. Wilkinson St.                             118 S. Wilkinson St.
Owen Bldg., Suite 5                              Owen Bldg., Suite 11
Milledgeville, GA 31061                          Milledgeville, GA 31061
(912) 452-5385                                   (912) 452-1183
State Bar No. 111888                             State Bar No. 549987


58

GEORGIA, BALDWIN COUNTY

 I certify that I have this day served the foregoing MOTION FOR NOTICE OF INTENT TO USE EVIDENCE OF OTHER CRIMES upon FREDRIC BRIGHT, District Attorney, Baldwin County Courthouse, Milledgeville, Georgia.

 Said Motion was served by hand-delivery.

 This 24 day of June , 1997.

Respectfully Submitted,

J. PHILIP CARR
Attorney for Defendant
State Bar No. 111888

Respectfully Submitted,

THOMAS J. O'DONNELL, JR.
Attorney for Defendant
State Bar No. 549987

FILED IN OFFICE THIS
25th DAY OF June 19 97
Wanda J. Chambers
CHIEF DEPUTY CLERK OF SUPERIOR COURT BALDWIN CO. GEORGIA

5.9

IN THE SUPERIOR COURT OF BALDWIN COUNTY
STATE OF GEORGIA

STATE OF GEORGIA             \*

                                   \* CASE NO. 39249

vs.                              \*

                                   \* COUNTS 1 & 2: Murder

MARION WILSON, JR.,            \* COUNT 3: Armed Robbery ·

Defendant                      \* COUNT 4: Hijacking a Motor Vehicle

                                   \* COUNT 5: Possession of a Firearm

                                   \*      During hte Commission of a Crime

                                   \* COUNT 6: Possession of Sawed-Off

                                   \*      Shotgun

## MOTION FOR PRODUCTION OF SCIENTIFIC REPORTS

       COMES NOW Marion Wilson, Jr., Defendant, by and through his attorneys of record, and respectfully moves this Court, pursuant to the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, Article I, Section I, Paragraph 1, 2, 11, 12, 14, 16, and 17 of the Georgia Constitution, O.C.G.A. 17-7-211, and other applicable law, for an Order directing the state to provide the defense with copies of any and all scientific reports prepared in connection with this case, including but not limited to any notes, documents, raw test date, and reports produced by any person in connection with scientific analysis or testing; directing the state to require all experts or technicians who are involved in any matter in any testing or analysis in this case or who are expected to testify at trial to prepare reports of their tests and the results of same; directing the state immediately to provide notice to the defense of any testing or analysis performed after discovery has been provided directing that such discovery be provided to the defense at least 60 days prior to trial; directing that no experts or other scientific personnel may be allowed to testify to any matter not covered in the documentation provided to defense counsel; and directing that no expert whose notes and reports have not been provided to the defense may be allowed to testify for the state for any purpose at trial.

       In support of this motion, Defendant states as follows:

       1. Defendant is before this Honorable Court charged with murder, armed robbery, hijacking a motor vehicle, possession of a firearm during the commission of a crime, and possession of a sawed-off shotgun.  The State has announced its intent to seek the death penalty.

       2. Pursuant to O.C.G.A.  17-7-211, Defendant is entitled to discovery of any written scientific reports that the prosecution plans to introduce in whole or part as evidence in its case-in-chief or in rebuttal.  This statute defines "written scientific reports" as autopsy reports, reports by the Division of Forensic Sciences, and similar type reports that would be used as scientific evidence.

3. Georgia appellate courts have interpreted this provision expansively so as to require full discovery of any scientific evidence the prosecution intends to introduce. The state cannot avoid discovery of documents reporting test results simply by calling the expert who performed the scientific test and declining to introduce into evidence the written report or test results prepared by the expert. Mulkey v. State, 167 GaApp. 627, 307 S.E.2d 117 (1983). See also Metts v. State, 162 GaApp. 641, 291 S.E.2d 405 (1982). Moreover, the state cannot void the requirements of this statute by instructing an expert not to prepare any written documentation. See McDaniel v. State, 169 Ga.App 254, 312 S.E.2d 363 (1983).

4. The state cannot present scientific testimony which goes beyond the information contained in the report furnished to the defense. Carson v. State, 192 Ga.App 52, 383 S.E. 2d 619 (1989). For example, in Camarata v. State, 188 GaApp 41, 371 S.E.2d 885 (1988), the prosecution had provided the defense with a toxicology report showing the amount of alcohol in the defendant's blood. However, testimony by the state's expert, who prepared the report, went beyond this information, and addressed the likely extent of functional impairment caused by such an amount of blood alcohol. The Court of Appeals found reversible error because the expert's testimony exceeded the scope of his report. Accord Durden v. State, 187 GaApp. 154, 369 S.E.2d 764 (1988); Box v. State, 187 Ga.App. 260, 370 S.E.2d 28 (1988).

5. The penalty for the prosecution's failure to comply with this provision is exclusion of testimony and evidence arising from the report as well as the report itself. See Wester v. State, 260 Ga. 228, 391 S.E. 2d 765 (1990) (fingerprint report and testimony should have been ⸢ ⸍ded). Accord Durden, supra; Luck v. State, 163 Ga.App 657, 295 S.E.2d 584 (1982). It is not sufficient for the prosecutor to provide the required discovery on the eve of trial. See Taylor v. State, 172 Ga.App 408, 323 S.E. 2d. 212 (1984). (trial court abused discretion in allowing defendant only five minutes to read polygraph report, previously stipulated as admissible, where report had not previously been furnished to defense despite timely written request). It is also not sufficient for the prosecutor merely to provide the accused with a summary of the report in advance. See Alexander v. State, 203 Ga.App. 375, 416 S.E.2d 762 (1983) (cocaine possession conviction reversed where prosecutor provided counsel only written summary of chemical analysis of substance prior to trial no excuse that prosecutor did not obtain report from the crime lab until morning of trial.

6. This motion is made under the authority of <u>Brady v. Maryland,</u> 373 U.S. 83, 83 S, Ct. 1194, 10 L. Ed.2d 215 (1963); <u>Napue v. Illinois,</u> 360 U.S. 264, 79 S. Ct. 1173, 3 L.Ed. 2d 1217 (1959)l <u>Giles v. Maryland,</u> 386 U.S. 66, 87 S. Ct. 793, 17 L.Ed.2d 737 (1967); <u>Davis v. Alaska,</u> 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed. 2d 347 (1974); <u>United States v. Agurs,</u> 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976)l as well as the constitution and statutory provisions and caselaw cited above.

WHEREFORE, Defendant prays that this Court issue an order: (a) directing the state to provide the defense with copies of any and all scientific reports prepared in connection with this case, including but not limited to any notes, documents, raw test data, and reports produced by any person in connection with scientific analysis or testing; (b) directing the state to require all experts, or technicians who are involved in any manner in any testing or analysis in this case or who are expected to testify at trial to prepare reports of their tests and the results of same; (c) directing the state immediately to provide notice to the defense of any testing or analysis performed after discovery has been provided; (d) directing that such discovery be provided to the defense at least 60 days prior to trial; (e) directing that no expert whose notes and reports have not been provided to the defense may be allowed to testify for the state for any purpose at trial; (f) directing that no person be allowed to testify to any matter not covered in the materials provided to the defense and that no report not furnished to the defense may be used in any manner by the state; and (g) granting such other relief as is just and proper.

This 24 Day of June , 1997.


Respectfully Submitted,

J. PHILIP CARR
Attorney for Defendant

118 S. Wilkinson St.
Owen Bldg., Suite 5
Milledgeville, GA 31061
(912) 452-5385
State Bar No. 111888

Respectfully Submitted,

THOMAS J. O'DONNELL, JR.
Attorney for Defendant

118 S. Wilkinson St.
Owen Bldg., Suite 11
Milledgeville, GA 31061
(912) 452-1183
State Bar No. 549987

GEORGIA, BALDWIN COUNTY

I certify that I have this day served the foregoing MOTION FOR PRODUCTION OF SCIENTIFIC REPORTS upon FREDRIC BRIGHT, District Attorney, Baldwin County Courthouse, Milledgeville, Georgia.

Said Motion was served by hand-delivery.

This 24 day of June, 1997.

Respectfully Submitted,                          Respectfully Submitted,

J. PHILIP CARR                                   THOMAS J. O'DONNELL, JR.
Attorney for Defendant                           Attorney for Defendant
State Bar No. 111888                             State Bar No. 549987

FILED IN OFFICE THIS
25th DAY OF June 19 97

CHIEF DEPUTY CLERK OF SUPERIOR COURT BALDWIN CO.

63

# IN THE SUPERIOR COURT OF BALDWIN COUNTY
## STATE OF GEORGIA

STATE OF GEORGIA        \*

       \* CASE NO. <u>39249</u>

VS.        \*

       \* COUNTS 1 & 2: Murder

MARION WILSON, JR.,        \* COUNT 3: Armed Robbery

·Defendant        \* COUNT 4: Hijacking a Motor Vehicle

       \* COUNT 5: Possession of a Firearm

       \*    During hte Commission of a Crime

       \* COUNT 6: Possession of Sawed-Off

       \*    Shotgun

---

## MOTION FOR DISCOVERY OF STATEMENTS OF THE DEFENDANT

COMES NOW Marion Wilson, Jr., Defendant, by and through his attorneys of record, and respectfully moves this Court, pursuant to the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, Article I, Section I, Paragraphs 1, 2, 11, 12, 14, 16, and 17 of the Georgia Constitution, O.C.G.A. 17-7-210, and other applicable law, for an ᵗ ᵈer; directing the state to provide the defense with copies of any and all statements made by ᵗ ᵈfendant, including but not limited to written versions of any and all oral statements, copies of any and all written statements, tape cassette copies of any and all audio taped statements, video copies of any and all videotaped statements; and directing that no statement not revealed to the defense at least 60 days prior to trial can by used by the state for any purpose at trial.

In support of this motion, Defendant states as follows:

1. Defendant is before this Honorable Court charged with murder, armed robbery, hijacking a motor vehicle, possession of a firearm during the commission of a crime, and possession of a sawed-off shotgun. The State has announced its intent to seek the death penalty.

2. Under O.C.G.A. 17-7-210, a criminal defendant is entitled to copies of any written statements and a written version of any oral statements "given by him while in police custody." This includes statements by the defendant to another inmate or non-law enforcement person. Bell v. State, 179 Ga.App. 491, 347 S.E.2d 321 (1986).

3. Any custodial statements which has not been provided upon a timely request, must be excluded from the prosecution's use at trial. See McKenny v. State, 204 GA.App.411, 419 S.E.2d 731 (1992) (Conviction reversed where prosecution used statement of defendant not furnished in compliance with written demand); Byars v. State, 198 GAApp. 793, 403 S.E.2d 82 (1991) (same); Davis v. State, 198 Ga.App. 375, 401 .E.2d 581 (1991) (same); Talley v. State, ⁻ ⁻⁻ Ga. 42, 302 S.E. 2d 355 (1983) (same). See also Phillips v. State, 260 Ga. 742, 399 S.E.2d ᵤᵤᵤ (1991).

64

4. The State is required to produce and all statements including statements in the possession of or of which law enforcement officials or other state officials are aware. The prosecutor has a duty to investigate whether the defendant made any statements and if so to reveal those statements to the defense.  See Gilbert v. State, 193 Ga.App 283, 388 S.E.2d 18 (1989).

5.  This motion is made under the authority of Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed. 2d 215 (1963); Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); Giles v. Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967); Davis v. Alaska, 415 U. S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); as well as the constitution and statutory provisions cited above.

WHEREFORE, Defendant prays that this Court: (a) order the state to provide to the defense written versions of any and all oral statements by the defendant; copies of any and all written statements by the defendant; copies of any documents, reports, or notes containing statements by or references to statements by the defendant; cassette tape copies of any audio-taped statements by the defendant; videotape copies of any videotaped statements by the defendant; (b) order that such statements be provided no later than 120 days prior to trial; (c) order that no statements not produced pursuant to this order can be used for any purpose by the state at trial; (d) schedule this motion for a hearing and (e) grant such other relief as is just and proper.

This 24 Day of June, 1997.

Respectfully Submitted,

J. PHILIP CARR
Attorney for Defendant

118 S. Wilkinson St.
Owen Bldg., Suite 5
Milledgeville, GA 31061
(912) 452-5385
State Bar No. 111888

Respectfully Submitted,

THOMAS J. O'DONNELL, JR.
Attorney for Defendant

118 S. Wilkinson St.
Owen Bldg., Suite 11
Milledgeville, GA 31061
(912) 452-1183
State Bar No. 549987

65

GEORGIA, BALDWIN COUNTY

I certify that I have this day served the foregoing MOTION FOR DISCOVERY OF STATEMENTS OF THE DEFENDANTS upon FREDRIC BRIGHT, District Attorney, Baldwin County Courthouse, Milledgeville, Georgia.

Said Motion was served by hand-delivery.

This 24 day of June , 1997.

Respectfully Submitted,

J. PHILIP CARR
Attorney for Defendant
State Bar No. 111888

Respectfully Submitted,

THOMAS J. O'DONNELL, JR.
Attorney for Defendant
State Bar No. 549987

FILED IN OFFICE THIS
25th DAY OF June 19 97
Wanda J. Chambers, D.H.
CHIEF DEPUTY CLERK OF SUPERIOR COURT BALDWIN CO. GEORGIA

66

## IN THE SUPERIOR COURT OF BALDWIN COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| STATE OF GEORGIA | * |
| | * CASE NO. 39249 |
| vs. | * |
| | * |
| | * COUNTS 1 & 2: Murder |
| MARION WILSON, JR., | * COUNT 3: Armed Robbery |
| Defendant | * COUNT 4: Hijacking a Motor Vehicle |
| | * COUNT 5: Possession of a Firearm |
| | *      During the Commission of a Crime |
| | * COUNT 6: Possession of Sawed-Off |
| | *      Shotgun |

## MOTION FOR COMPLETE RECORDATION OF ALL PROCEEDINGS

COMES NOW Marion Wilson, Jr., Defendant, by and through his attorneys of record, and respectfully moves the Court, pursuant to the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, Article I, Section I, Paragraphs 1,2,11,12,14,16, and 17 of the Georgia Constitution, the Unified Appeal, O.C.G.A. 17-10-35 (a), and other applicable law, for _ order directing the court reporter to record all proceedings in all phase in this case including all pretrial hearings on motions, legal arguments, voir dire and selection of the jury, opening statements, closing arguments, charging conferences, in-chambers conferences, all conferences between counsel for the state and counsel for Defendant, including sided-bar and/or bench conferences held out of the presence of the jury.

In support of his motion, Defendant states:

1. Defendant is before this Honorable Court charged with murder, armed robbery, hijacking a motor vehicle, possession of a firearm during the commission of a crime, and possession of a sawed-off shotgun. The State has announced its intent to seek the death penalty.

2. Because it is vitally important that the record on appeal fully reflect all of the proceedings in the trial court, all matters must be transcribed.

3. The failure to record the entire proceedings in the trial court and make them part of the record violates a defendant's right to full review of his case on appeal, his right to the assistance of counsel on appeal and in pursuing post-conviction remedies, and his right to equal access courts which may review his conviction on either appeal or collateral attack as guaranteed by the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. See, e.g., Gardner v. Florida, 430 U. S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977); Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976); Britt v. North Carolina, 404 U.S. 226, 92 S.Ct. 431.

67

30 L.Ed.2d 400 (1971); <u>United States v. Selva</u>, 559 F.2d 1303 (5th Cir. 1977); <u>United States v. Brumley</u>, 560 F2d 1268, 1281 (5th Cir. 1977); <u>Wilson v. State</u>, 246 Ga. 672, 273 S.E.2d 9, 12 (1980).

4. The Georgia Supreme Court has recognized the necessity of fully transcribing all proceedings in capital cases, and has required through the Unified Appeal that a "complete transcript of all phase of the case" be made.

5. Under the Unified Appeal, a "Complete transcript" is defined as: all pretrial hearings; the selection of the jurors, including challenges for cause, the voir dire examination and the striking; the opening statements and closing arguments of counsel; the examination of witnesses; all documentary evidence; all oral motions (whether pretrial, during trial, or after trial) and hearing on oral and written motions; all objections and all hearings on oral and written objections; all substantive conferences and hearings of every description and for every purpose conducted between court and counsel all oral stipulations of counsel; all charges conferences; the charges of the court to the jury during the guilt-innocence and sentencing phases of the proceedings; the publication of the verdict and the polling of the jury; the pronouncement of sentence; and all oral comments, instructions, directions, admonitions, rulings and orders of the court in the case from the first proceeding through conclusion of trial. <u>Id.</u>

WHEREFORE, Defendant requests that this Court require a full and complete transcription of the entire proceedings in this case, in accordance with the requirements of the Unified Appeal.

This 24 Day of June , 1997.

Respectfully Submitted,

J. PHILIP CARR
Attorney for Defendant

118 S. Wilkinson St.
Owen Bldg., Suite 5
Milledgeville, GA 31061
(912) 452-5385
State Bar No. 111888

Respectfully Submitted,

THOMAS J. O'DONNELL, JR.
Attorney for Defendant

118 S. Wilkinson St.
Owen Bldg., Suite 11
Milledgeville, GA 31061
(912) 452-1183
State Bar No. 549987

68

GEORGIA, BALDWIN COUNTY

I certify that I have this day served the foregoing MOTION FOR COMPLETE RECORDATION OF ALL PROCEEDINGS upon FREDRIC BRIGHT, District Attorney, Baldwin County Courthouse, Milledgeville, Georgia.

Said Motion was served by hand-delivery.

This 24 day of June , 1997.

Respectfully Submitted,                    Respectfully Submitted,


J. PHILIP CARR                              THOMAS J. O'DONNELL, JR.
Attorney for Defendant                      Attorney for Defendant
State Bar No. 111888                        State Bar No. 549987


FILED IN OFFICE THIS
25th DAY OF June 19 97
Wanda J. Chambers DM
CHIEF DEPUTY CLERK OF SUPERIOR COURT BALDWIN CO. GEORGIA

69

## IN THE SUPERIOR COURT OF BALDWIN COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **STATE OF GEORGIA** | \* |
| | \* CASE NO. 39249 |
| **vs.** | \* |
| | \* |
| **MARION WILSON, JR.,** | \* COUNTS 1 & 2: Murder |
| Defendant | \* COUNT 3: Armed Robbery |
| | \* COUNT 4: Hijacking a Motor Vehicle |
| | \* COUNT 5: Possession of a Firearm |
| | \*   During the Commission of a Crime |
| | \* COUNT 6: Possession of Sawed-Off |
| | \*   Shotgun |

## MOTION TO SEQUESTER THE JURY PANEL DURING VOIR DIRE AND FOR INDIVIDUAL VOIR DIRE

COMES NOW Marion Wilson, Jr., by and through his attorneys of record, and respectfully requests individual, sequestered voir dire of the jury venire as follows:

In support of this motion, counsels state the following:

1. Defendant is before this Honorable Court charged with murder, armed robbery, hijacking a motor vehicle, possession of a firearm during the commission of a crime, and possession of a sawed-off shotgun. The State has announced its intent to seek the death penalty.

2. The alleged victim in this capital case is a man who, the State alleges, was kidnaped and was the victim of an armed robbery before his death. The alleged victim was employed by the Department of Corrections and was a lifetime resident of Baldwin County. The incident was extensively reported by the media. It is reasonable to anticipate that there will be further publicity as the case progresses to the trial stage.

3. The ABA Standards relating to fair trial and free press recommend sequestered voir dire in cases involving a large amount of publicity.

> "If there is a substantial possibility that individual jurors will be ineligible to server because of exposure to potentially prejudicial material, the examination of each juror with respect to his exposure shall take place outside the presence of other chosen and prospective jurors."

ABA Standards for Criminal Justice, Section 8-3.5(a) (2nd Ed. 1980) (emphasis added)

70

4. Federal case law has consistently endorsed the ABA position to the extent of commending the lower court's conduct of voir dire examination in accordance with the ABA Standards. See in that regard, Calley v. Callaway, 519 F.2d 184, 208-09 (5th Cir. 1975) (en banc), cert. denied, 425 U.S. 911 (1976) and Coleman v. Kemp, 778 F.2d at 1542.

5. The Official Code of Georgia, Sec. 15-13-133, specifically grants the right to individually question all jurors on the panel prior to interposing a challenge to any of them.

6. The Eleventh Circuit has held that in circumstances of considerable prejudicial pretrial publicity, "the voir dire must be adequate to unearth potential prejudice". Jordan v. Lippman, 763 F.2d 1265, 1278 (11th Cir. 1985).

7. Collective voir dire, even with individual questioning, will inhibit candid responses and educate all jurors to prejudicial and incompetent material, making it impossible to inquire fully into a basis for challenge.

"First, the juror may be reluctant to admit any bias in front of his peers. Second, group questioning serves to apprise otherwise ignorant jurors of the offensive publicity. Williams v. Griswald, 743 F.2d 1533, 1540 n.14 (11th Cir. 1984).

8. Because jurors are often reluctant to frankly and openly discuss their biases in a group setting, the Court should not rely on jurors' assurances of impartiality. Irvin v. Dowd, 366 U.S. 1, 728 (1961); Jordan v. Lippman, 763 F.2d at 1274, quoting United States v. Davis, 583 F.2d 190, 197 (5th Cir. 1978).

9. Individual voir dire promotes candor and allows jurors to respond openly and frankly to sensitive questions, without risk of fear that the entire panel will be tainted.

10. The federal courts have recognized that in cases of magnitude, Georgia's statutory questions are insufficient to unearth juror bias. Jordan v. Lippman, 763 F.2d at 1276 n.12, citing Ham v. South Carolina, 409 U.S. 524 (1973) Accord: Coleman v. Kemp, 778 F.2d 1487, 1542-43 (11th Cir. 1985). The voir dire must be sufficient to bring out enough underlying facts about the jurors' extrajudicial knowledge, the source or sources of that knowledge, the opinions which have been formed and all of the surrounding circumstances so that an independent determination of impartiality can be made. Such questions cannot be asked in collective voir dire since information revealed in the answers will be imparted to remaining venire members.

11. In that the State is seeking the death penalty, there is a greater need for reliable procedures to screen out any bias and prejudice. Turner v. Murray, 476 U.S. 28, 106 S.Ct. 1683, 90 L.Ed.2d 27 (1986); Woodson v. North Carolina, 428 U.S. 280, 305 (1976); Gardner v. Florida, 430 U.S. 349, 357-58 (1977).

WHEREFORE, the Defendant respectfully requests that the Court allow individually sequestered voir dire.

This 24 Day of June, 1997.

Respectfully Submitted,

J. PHILIP CARR
Attorney for Defendant

118 S. Wilkinson St.
Owen Bldg., Suite 5
Milledgeville, GA 31061
(912) 452-5385
State Bar No. 111888

Respectfully Submitted,

THOMAS J. O'DONNELL, JR.
Attorney for Defendant

118 S. Wilkinson St.
Owen Bldg., Suite 11
Milledgeville, GA 31061
(912) 452-1183
State Bar No. 549987

72

GEORGIA, BALDWIN COUNTY

I certify that I have this day served the foregoing MOTION TO SEQUESTER THE JURY PANEL DURING VOIR DIRE AN FOR INDIVIDUAL VOIR DIRE upon FREDRIC BRIGHT, District Attorney, Baldwin County Courthouse, Milledgeville, Georgia.

Said Motion was served by hand-delivery.

This 24 day of June , 1997.

Respectfully Submitted,

J. PHILIP CARR
Attorney for Defendant
State Bar No. 111888

Respectfully Submitted,

THOMAS J. O'DONNELL, JR.
Attorney for Defendant
State Bar No. 549987

FILED IN OFFICE THIS
25th DAY OF June 19 97
Wanda J. Chambers
CHIEF DEPUTY CLERK OF SUPERIOR COURT BALDWIN CO. GEORGIA

73

IN THE SUPERIOR COURT OF BALDWIN COUNTY
STATE OF GEORGIA

| | |
|---|---|
| STATE OF GEORGIA | * |
| | * CASE NO. 39249 |
| vs. | * |
| | * COUNTS 1 & 2: Murder |
| MARION WILSON, JR., | * COUNT 3: Armed Robbery |
| Defendant | * COUNT 4: Hijacking a Motor Vehicle |
| | * COUNT 5: Possession of a Firearm |
| | *   During the Commission of a Crime |
| | * COUNT 6: Possession of Sawed-Off |
| | *   Shotgun |

## DEFENDANT'S GENERAL DEMAND FOR COMPLIANCE WITH LAW AND DEFENDANT'S REFUSAL TO WAIVE RIGHTS

COMES NOW Marion Wilson, Jr., Defendant, by and through his attorneys of record, and demands as hereinafter set forth and refuses to waive rights as hereinafter set fort.  This demand is made prior to arraignment.  The Defendant does hereby assert this demand and refusal of waiver as follows, to wit:

1. Defendant demands that all provisions of law be strictly complied with in the captioned case.  By this demand the Defendant does expressly insist and demand that all provisions of the Constitution of the United States and all provisions of the Constitution of Georgia and all provisions of the laws of the State of Georgia and all provisions of the Rules of Court and all other laws and regulations of any and every kind which may in any way appertain be strictly complied with; by this demand the defendant does insist that all rules of ethics in any way appertaining and in any way applicable to any of the judicial and prosecutorial officers of the Court be strictly enforced; by this demand the Defendant does insist and demand that all "forms of law" be strictly complied with; by this demand the Defendant does insist and demand that when the State (and any and every one acting under its authority) moves against the Defendant in the captioned case that "it moves as it has said by its laws it will move"; by this demand, the defendant does insist of the State in the captioned case that "[i]t proceed orderly, and according to pre-established regulations"; by this demand the defendant does insist that "[t]he state . . . cannot act upon the citizen [defendant] in a different manner from that which the law have ordained", and defendant demands compliance with this principle; by this demand the defendant does insist that courts are bound by law no less than is the defendant, and the defendant demands that this Court strictly comply.

2. Defendant waives nothing.  Defendant refuses to waive any of his rights, and does hereby expressly refuse to waive any of that which he has demanded.  Furthermore, the defendant and his counsel do hereby furnish to the Court and to the State and to all others who may be concerned a timely warning that the Defendant waives nothing.  Furthermore, the State, the Court

74

and all others who may be concerned are hereby expressly notified that the defendant expressly refuses to give to counsel or anyone else authority to waive any right whatsoever of the defendant or anything that the defendant has demanded herein or anything that the defendant may subsequently demand.

This 24 Day of June_____, 1997.

Respectfully Submitted,

J. PHILIP CARR
Attorney for Defendant

118 S. Wilkinson St.
Owen Bldg., Suite 5
Milledgeville, GA 31061
(912) 452-5385
State Bar No. 111888

Respectfully Submitted,

THOMAS J. O'DONNELL, JR.
Attorney for Defendant

118 S. Wilkinson St.
Owen Bldg., Suite 11
Milledgeville, GA 31061
(912) 452-1183
State Bar No. 549987

75

GEORGIA, BALDWIN COUNTY

I certify that I have this day served the foregoing DEFENDANT'S GENERAL DEMAND FOR COMPLIANCE WITH LAW AND DEFENDANT'S REFUSAL TO WAIVE RIGHTS upon FREDRIC BRIGHT, District Attorney, Baldwin County Courthouse, Milledgeville, Georgia.

Said filing was served by hand-delivery.

This 24 day of June , 1997.

Respectfully Submitted,

_____
J. PHILIP CARR
Attorney for Defendant
State Bar No. 111888

Respectfully Submitted,

_____
THOMAS J. O'DONNELL, JR.
Attorney for Defendant
State Bar No. 549987

FILED IN OFFICE THIS
24 DAY OF June 19 97
Wanda J. Chambers 10:71
CHIEF DEPUTY CLERK OF SUPERIOR COURT BALDWIN CO. GEORGIA

76

IN THE SUPERIOR COURT OF BALDWIN COUNTY
STATE OF GEORGIA

STATE OF GEORGIA                              *

vs.                                          * CASE NO. 39249
                                             *
MARION WILSON, JR.,                          * COUNTS 1 & 2: Murder
·Defendant                                   * COUNT 3: Armed Robbery ·
                                             * COUNT 4: Hijacking a Motor Vehicle
                                             * COUNT 5: Possession of a Firearm
                                             *    During the Commission of a Crime
                                             * COUNT 6: Possession of Sawed-Off
                                             *    Shotgun

## MEMORANDUM OF LAW CITING SUPPORTING AUTHORITIES AS TO DEFENDANT'S GENERAL DEMAND FOR COMPLIANCE WITH LAW AND DEFENDANT'S REFUSAL TO WAIVE RIGHTS

COMES NOW Marion Wilson, Jr., Defendant, by and through his attorneys of record, and submits this memorandum of law citing supporting authorities as to the general demand for compliance with law and refusal to waive rights which is filed simultaneously herewith, this memorandum of law being as follows, to wit:

The Supreme Court of Georgia, per Justice Bleckly, generally stated the law applicable to the general rights of the defendant to have the State proceed in accordance with law and the effect of a refusal on the part of the defendant to waive rights under law in the case of Cochran v. State, 62 Ga. 731 (1879). While Cochran dealt with a particular statute and with a death penalty, the principles therein stated are nevertheless applicable to any case involving any right under law in a criminal case and any penalty. The Court in Cochran, stated as follows, to wit:

> "Those who are impatient with the forms of law ought
> to reflect that it is through form that all organization is reached.
> Matter without form is chaos; power without form is anarchy.
> The state, were it to disregard forms, would not be a government,
> but a mob. Its action would not be administration, but violence.
> The public authority has a formal embodiment in the state, and
> when it moves, it moves as it has said by its laws it will move. It
> proceeds orderly, and according to pre-established regulations.
> The State, though sovereign, cannot act upon the citizen in different
> manner from that which the laws have ordained. It cannot inflict . . .
> punishment without first trying the prisoner according to law.
> There is no dispensing power. Courts have none. Courts are bound
> by the law no less that the prisoner at the bar. The statute which
> requires each panel to be put upon the prisoner is imperative,

77

mandatory.  No court has a right to disregard it.  The words are plain, and there is no reason why they should not be obeyed, and none why any waiver should be called for or assumed.  Certainly none can be assumed in face of a timely warning by the prisoner or his counsel that he waives nothing."

Id. at pp. 732, 733.

The defendant is further entitled to have the defendant's rights recognized and protected as a matter of due process under the Sixth Amendment and the Fourteenth Amendment to the Constitution of the United States and under the due process clause of Article I, Section I, Paragraph I, of the Constitution of the State of Georgia of 1983.

This 24 Day of June , 1997

Respectfully Submitted,

J. PHILIP CARR
Attorney for Defendant

118 S. Wilkinson St.
Owen Bldg., Suite 5
Milledgeville, GA 31061
(912) 452-5385
State Bar No. 111888

Respectfully Submitted,

THOMAS J. O'DONNELL, JR.
Attorney for Defendant

118 S. Wilkinson St.
Owen Bldg., Suite 11
Milledgeville, GA 31061
(912) 452-1183
State Bar No. 549987

78

GEORGIA, BALDWIN COUNTY

     I certify that I have this day served the foregoing MEMORANDUM OF LAW CITING SUPPORTING AUTHORITIES AS TO DEFENDANT'S GENERAL DEMAND FOR COMPLIANCE WITH LAW AND DEFENDANT'S REFUSAL TO WAIVE RIGHTS upon FREDRIC BRIGHT, District Attorney, Baldwin County Courthouse, Milledgeville, Georgia.

     Said Memorandum was served by hand-delivery.

     This 24 day of June , 1997.

Respectfully Submitted,

J. PHILIP CARR
Attorney for Defendant
State Bar No. 111888

Respectfully Submitted,

THOMAS J. O'DONNELL, JR.
Attorney for Defendant
State Bar No. 549987

FILED IN OFFICE THIS
29th DAY OF June 19 97

Wanda J. Chambers
CHIEF DEPUTY CLERK OF SUPERIOR COURT BALDWIN

79

IN THE SUPERIOR COURT OF BALDWIN COUNTY
STATE OF GEORGIA

| The State of Georgia | Criminal Action No. 39249B |
|---|---|
| v. | Ct. 1: Murder |
| | Ct. 2: Murder |
| MARION WILSON, JR., | Ct. 3: Armed Robbery |
| Defendant | Ct. 4: Hijacking a Motor Vehicle |
| | Ct. 5: Possession of a Firearm During the Commission of a Crime |
| | Ct. 6: Possession of a Sawed-Off Shotgun |

## State's List of Witnesses

1.   **Sheriff Howard Sills**
     Putnam Co. Sheriff's Office
     111 Ridley Drive
     Eatonton, GA 31024
     (706) 485-2680
2.   **Sheriff Bill Massee**
3.   **Chief Richard Horn**
4.   **Det. Russell Blenk**
5.   **Det. Bobby Langford**
6.   **Det. Ryan Harrington**
7.   **Det. Sylvia Mazza**
8.   **Lt. Michener Long**
9.   **Sgt. Todd Crosby**
10.  **Dep. Jerome Roberts**
11.  **Dep. Richard Blevins**
12.  **Dep. Willie Knight**
13.  **Maureen Moore**
14.  **Ofc. Sharon Thomas**
     Baldwin County Sheriff's Office
     311 Linda Drive
     P.O. Box 830
     Milledgeville, GA 31061
     (912) 445-4891
15.  **Capt. Tony Hughs**
     Baldwin County Emergency Medical Services
     821 North Cobb Street
     P.O. Box 690
     Milledgeville, GA 31061
     (912) 445-3790
16.  **Det. James Mazza**
17.  **Det. Jeff Duncan**
18.  **Lee Wilson**
     Milledgeville Police Department
     P.O. Box 1470
     125 West McIntosh Street
     Milledgeville, GA 31061
     (912) 445-0900

80

19.  **Det. P.L. Ellington**
     Atlanta Police Department
     Zone 2
     2581 Piedmont Rd. NW Suite C 1100
     Atlanta, GA  30324
     (404) 848-7231

20.  **Major Anthony Ford**
21.  **Ofc. Kenneth Brown**
22.  **Ofc. James Clark**
     Morehouse College Police Department
     830 Westview Drive, SW
     Atlanta, GA  30314
     (404) 215-2666

23.  **Dr. Mark A. Koponen, M.D**
     Pathologist
     Fulton County Medical Examiner's Office
     50 Coca-Cola Place  SE
     Atlanta, GA  30303
     (404) 730-4400

24.  **J. Bradley Pearson**
25.  **Jennifer S. Wilson**
26.  **Kelly M. Fite**
27.  **Kim Ayton**
28.  **Cinnamon E. Higgins**
29.  **R.G. Jones**
     Georgia Bureau of Investigation
     Department of Forensic Sciences
     Decatur, GA  30037-0808
     (404) 244-2500

30.  **Shawn H. Davis**
     Georgia Bureau of Investigation
     Department of Forensic Sciences
     1019 Second Street
     Macon, GA  31201
     (912) 751-3198

31.  **Wayne Brooks**
     Baldwin County Coroner
     320 Linda Drive
     Milledgeville, GA  31061
     (912) 445-4891

32.  **Dr. William Ramirez, M.D.**
33.  **Sam Chandler, R.N.**
     Oconee Regional Medical Center
     821 North Cobb Street
     Milledgeville, GA  31061
     (912) 454-3500

34.  **Freddie L. Parks**
     2350 Woodview Circle
     Milledgeville, GA
     (912) 453-4104

81

35.   **Ernestine Griswold**
      154 Felton Drive
      Milledgeville, GA 31061
      (912) 453-0921
36.   **Racean Watkins**
37.   **Levester Watkins**
      103 Felton Drive
      Milledgeville, GA 31061
      (912) 451-5133
38.   **Robert Brian Peebles**
      304 Holly Drive
      Dublin, GA 31021
      (912) 272-8672
39.   **Jeanette Washington**
      104 Felton Drive
      Milledgeville, GA 31061
      (912) 452-6770
40.   **Juanita Reeves**
      108 Felton Drive
      Milledgeville, GA 31061
      (912) 453-1279
41.   **Chasity Moran**
      257 Jessie Scott Rd.
      Milledgeville, GA 31061
      (912) 453-0032
42.   **Cassica Manson**
43.   **Addie Finney**
      2311 Ola Court
      Milledgeville, GA 31061
      (912) 452-0284
44.   **Earl Reeves**
      280 E. Charlton Street
      Lot 12
      Milledgeville, GA 31061
      (912) 454-3046
45.   **Earnest James Waller**
      1101 South Jefferson Street
      Milledgeville, GA 31061
      (912) 453-3624
46.   **Tammy Mosley**
      1498 South Jefferson Street
      Apartment H-30
      Milledgeville, GA 31061
      (912) 452-0566
47.   **Gail Cravey**
48.   **Yolanda Hamilton**
      Flash Foods
      Hwy 22 East
      Gray, GA 31032
      (912) 986-5751

82

49.   **Patricia Cason**
P.O. Box 2186
Gray, GA  31032
(912) 986-5751

50.   **Linda Norman**
Route 2, Box 2030
Greensettlement Road
Gray, GA  31032
(912) 986-9465

51.   **Sakile Ufa Muala**
Exxon Station
Oak & Ashby Streets
Atlanta, GA

52.   **Sukhdev Dutt**
1764 Big Valley Way
Stone Mountain, GA

53.   **Rafael Baker**
203 Nottingham Drive
Brunswick, GA  31525

54.   **Torrance Harvey**
14 Washington Place
Newburgh, NY  12550

55.   **Keisha Mosley**

56.   **Chico Mosley**
354 Meriwhether Road
Milledgeville, GA  31061
(912) 968-7089

57.   **W.L. Kitchens**
P.O. Box 291
Dry Branch, GA  31020
(912) 745-8513

58.   **Antonio Redding**
359 Pettigrew Rd.
Milledgeville, GA  31061

59.   **Monica Jefferies**
158 Helen Circle SW
Milledgeville, GA  31061
(912) 452-3272

60.   **Angela Johnson**
350 Grimes Ave., Lot 7
Milledgeville, GA  31061
(912) 451-0599 (mother's telephone)

61.   **Kirk Jones**
158 Irby Street
Milledgeville, GA  31061
(912) 452-4741

62.   **Gary Randall Garza**
147 County Line Church Rd.
Milledgeville, GA  31061
(912) 932-5193

83

63.     **Curtis Dean Markham**
        165 Allen Memorial Drive
        Milledgeville, GA  31061
        (912)  454-1752
64.     **William Henry Fowler**


Filed this 26th day of June, 1997.

_Stephen A. Bradley_

Stephen A. Bradley
Assistant District Attorney
Ocmulgee Judicial Circuit
Bar No. 075325
121 N. Wilkinson Street
Suite 305
Milledgeville, GA  31061


### Certificate of Service

, Stephen A. Bradley, hereby certify that I have this day served upon opposing counsel a true and correct copy of the foregoing STATE'S LIST OF WITNESSES by hand-delivery to the Defendant's counsel of record.

_Stephen A. Bradley_

Stephen A. Bradley
Assistant District Attorney


FILED IN OFFICE THIS
26th DAY OF June 19 97

_Wanda J. Chambers_

CHIEF DEPUTY CLERK OF SUPERIOR COURT BALDWIN CO. GEORGIA

84

IN THE SUPERIOR COURT OF BALDWIN COUNTY
STATE OF GEORGIA

STATE OF GEORGIA     :
            :
V.          :  CASE NO. 39249
            :
MARION WILSON, JR.    :
 Defendant       :

GRAND JURY CERTIFICATE

   This Court has reviewed the Grand Jury List for Baldwin County from which the Grand Jury was selected that rendered the indictment in this case.  This Grand Jury List was last revised on December 23, 1992.  The percentages of whites, blacks, men and women on this list have been compared by this court with the percentages of whites, blacks, others, men and women in the total population of the county aged eighteen (18) and over, according to the 1990 United States Official Census.  Based on information provided by the Jury Commission, this court certifies that the following information is correct:

1)  Total County Population is . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39,530

2)  Total County Population aged 18 and over is . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30,372

3)  Total number of males in county, ages 18 and over is . . . . . . . . . . . . . . . . . . . . . . . . . 15,537

4)  Total number of females in county, ages 18 and over is . . . . . . . . . . . . . . . . . . . . . . . . 14,835

5)  Total number of blacks in county, aged 18 and over is . . . . . . . . . . . . . . . . . . . . . . . . . 12,019

6)  Total number of whites in county, aged 18 and over is . . . . . . . . . . . . . . . . . . . . . . . . . 18,060

7)  Total number of others in county, aged 18 and over is . . . . . . . . . . . . . . . . . . . . . . . . . 293

8)  Number of persons on Grand Jury list is . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 285

9)  Number of males on Grand Jury list is . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 141

10)  Number of females on Grand Jury list is . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 144

11)  Number of blacks on Grand Jury list is . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 107

12)  Number of whites on Grand Jury list is . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 178

13)  Number of others on Grand Jury list is . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 0

85

14) Male percentage of 18 and over population of county
(divide answer 3 by answer 2) is . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 51.2%

15) Female percentage of 18 and over population of county
(divide answer 4 by answer 2) is . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48.8%

16) Black percentage of 18 and over population of county
(divide answer 5 by answer 2) is . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39.6%

17) White percentage of 18 and over population of county
(divide answer 6 by answer 2) is . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 59.5%

18) Other percentage of 18 and over population of county
(divide answer 7 by answer 2) is . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1.0%

19) Male percentage of Grand Jury list (divide answer 9 by answer 8) is . . . . . . . . . . . . . . . 49.5%

20) Female percentage of Grand Jury list (divide answer 10 by answer 8) is. . . . . . . . . . . . . 50.5%

21) Black percentage of Grand Jury list (divide answer 11 by answer 8) is. . . . . . . . . . . . . . 37.5%

22) White percentage of Grand Jury list (divide answer 12 by answer 8) is. . . . . . . . . . . . . . 62.5%

23) Other percentage of Grand Jury list (divide answer 13 by answer 8) is. . . . . . . . . . . . . . 0.0%

24) Grand Jury list disparity regarding males
(compare answers 19 and 14; subtract smaller from larger) is . . . . . . . . . . . . . . . . . . . . . 1.7%

25) Grand Jury list disparity regarding females
(compare answers 20 and 15; subtract smaller from larger) is . . . . . . . . . . . . . . . . . . . . . 1.7%

26) Grand Jury list disparity regarding blacks
(compare answers 21 and 16; subtract smaller from larger) is . . . . . . . . . . . . . . . . . . . . . 2.0%

27) Grand Jury list disparity regarding whites
(compare answers 22 and 17; subtract smaller from larger) is . . . . . . . . . . . . . . . . . . . . . 3.0%

28) Grand Jury list disparity regarding others
(compare answers 23 and 18; subtract smaller from larger) is . . . . . . . . . . . . . . . . . . . . . 1.0%

This court certifies that answers (24) through (28), inclusive, are each less than 5%.

This _____*30*_____ day of June, 1997

_Bhulasa E Geoye_
Judge

86

## CERTIFICATE OF SERVICE

I, Jennifer T. Strange, Secretary to Judge Hulane E. George, do hereby certify that I have this day served the within Grand Jury Certificate upon the individuals listed below by mailing a true copy of said Certificate to them by U.S. Mail in envelopes having sufficient postage thereon to insure delivery and addressed as follows:

Mr. Fred Bright
District Attorney
Post Office Box 1209
Gray, Georgia 31032

Mr. Steve Bradley
Assistant District Attorney
Baldwin County Courthouse
Milledgeville, Georgia 31061

Mr. Thomas O'Donnell
Attorney at Law
118 South Wilkinson Street, Suite 11
Milledgeville, Georgia 31061

Mr. J. Philip Carr
Attorney at Law
118 South Wilkinson Street, Suite 5
Milledgeville, Georgia 31061

This 2nd day of July, 1997.

Jennifer T. Strange
Post Office Box 1050
Milledgeville, GA 31061
(912) 445-4270

FILED IN OFFICE THIS
21st DAY OF July 19 97

Wanda J. Chambers
CHIEF DEPUTY CLERK OF SUPERIOR COURT BALDWIN CO. GEORGIA

-87

IN THE SUPERIOR COURT OF BALDWIN COUNTY
STATE OF GEORGIA

STATE OF GEORGIA                    :
                                    :
VS.                                 :        CASE NO. 39249
                                    :
MARION WILSON, JR.                  :
        Defendant                   :

## ORDER AWARDING ATTORNEY'S FEES

The Commissioners of Baldwin County are hereby directed to pay to J. Philip

Carr, Attorney at Law, the sum of Two Thousand Dollars ($2,000.00), representing

attorney's fees in the above referenced matter for his representation through the date

of this Order.

This  8th  day of July, 1997.

                              Hulane E. George, Judge
                              Superior Court of Baldwin County
                              Ocmulgee Judicial Circuit

FILED IN OFFICE THIS
8th DAY OF July 19 97

CHIEF DEPUTY CLERK OF SUPERIOR COURT BALDWIN CO. GEORGIA

88

## IN THE SUPERIOR COURT OF BALDWIN COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| STATE OF GEORGIA | * |
| | * CASE NO. 39249 |
| vs. | * |
| | * COUNTS 1 & 2: Murder |
| MARION WILSON, JR., | * COUNT 3: Armed Robbery |
| Defendant | * COUNT 4: Hijacking a Motor Vehicle |
| | * COUNT 5: Possession of a Firearm |
| | *    During the Commission of a Crime |
| | * COUNT 6: Possession of Sawed-Off |
| | *    Shotgun |

## MOTION TO REQUIRE THAT THE JUROR HANDWRITTEN NOTES BE MADE A PART OF THE RECORD OF THIS CASE

COMES NOW Marion Wilson, Jr., Defendant herein, by and through his attorneys of record, and pursuant to the provisions of the Fourth, Fifth, Sixth, Eighth and fourteenth amendments to the Constitution of the United States of America and pursuant to the provisions of Article 1, Section 1 ¶¶ I, II, XI, XII, and XIV of the Constitution of the State of Georgia respectfully demands that this Court order that all of the handwritten notes which this court will allw the jurors to keep and maintain during the course of this trial be made a part of the record of this case upon the return of the jury verdict in the case and in support of this motion, in addition to the Constitutional provisions cited herein, would show this Court as follows:

1.

The Defendant is before this Honorable Court charged with murder, armed robbery, hijacking of a motor vehicle, possession of a firearm during the commission of a crime, and possession of a sawed-off shotgun.

89

2.

The jurors in this case will, no doubt, be allowed by the Court to keep and maintain notes of the proceedings before them.  Upon information and belief, this court's practice is to allow jurors to make and keep notes during the trial of this case.  It is also believed that this court will give cautionary instructions to the jurors that their notes are for reference and should not be shared with the other jurors.  While this cautionary note is laudable, it does not insure that the jurors will not use their notes to persuade and admonish each other at to the specific recollection of facts from their individual points of view.  The notes are, in fact, evidence in this case pure and simple.  Even more importantly, the notes become instruments by which the jurors review the testimony of each witness in the case.  Those jurors who have greater abilities than the other jurors in "note taking" will be able to persuade the other jurors as to their own recollection of the testimony of individual witnesses.  The defendant is entitled to a jury of 12 individuals, not 5 or 6 who are the "scribes" for the others.  If the court is going to allow the jurors to take notes in this case, then the notes must be made a part of the record so that these items of "evidence" can be reviewed to determine whether or not the verdict was based upon the evidence as presented in the courtroom or was based upon the possible erroneous recollections of the "note takers".  If a juror has a particular bias or prejudice toward one or more of the witnesses, or against the defendant, what is to prevent that juror from deliberately embellishing his or her notes so that they notes can be used to further that bias or prejudice.  The only protection which the defendant has in this matter is to have the notes preserved and made a part of the record of the case.

90

3.

Pursuant to the Constitution of the United States of America "the presence of even a single partial juror violates a defendant's rights under the Sixth Amendment to trial by an impartial jury." United States v. Aquon, 813 F.2d 1413, 1421 (9th Cir. 1987); see also Murphy v. Florida, 421 U.S. 794, 95 S.Ct. 2031, 2036, 44 L.Ed. 2d 589 (1975) ("constitutional standard of fairness requires that a state defendant have a panel of impartial, indifferent jurors"); Jones v. Anderson, 404 F.Supp. 182, 186 (N.D. Georgia, 1975).

WHEREFORE, this defendant would respectfully demand that this Court enter an order directing that all of the juror's handwritten notes be collected at the end of the proceedings and be made a part of the record of this case.

This 16 Day of July, 1997.

Respectfully Submitted,

A. PHILIP CARR
Attorney for Defendant

118 S. Wilkinson St.
Owen Bldg., Suite 5
Milledgeville, GA 31061
(912) 452-5385
State Bar No. 111888

Respectfully Submitted,

THOMAS J. O'DONNELL, JR.
Attorney for Defendant

118 S. Wilkinson St.
Owen Bldg., Suite 11
Milledgeville, GA 31061
(912) 452-1183
State Bar No. 549987

91

_____ORGIA, BALDWIN COUNTY

I certify that I have this day served the foregoing MOTION TO REQUIRE THAT THE JUROR HANDWRITTEN NOTES BE MADE A PART OF THE RECORD OF THIS CASE upon FREDRIC BRIGHT, District Attorney, Baldwin County Courthouse, Milledgeville, Georgia.

Said Motion was served by hand-delivery.

This 16 day of July, 1997.

Respectfully Submitted,                     Respectfully Submitted,


J. PHILIP CARR                              THOMAS J. O'DONNELL, JR.
Attorney for Defendant                      Attorney for Defendant
State Bar No. 111888                        State Bar No. 549987


18th
Wanda J. Chambers 97
CHIEF DEPUTY CLERK OF SUPERIOR COURT, BALD.

92

## IN THE SUPERIOR COURT OF BALDWIN COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| **STATE OF GEORGIA** | * |
| | * **CASE NO.** 39249 |
| **vs.** | * |
| | * **COUNTS 1 & 2: Murder** |
| **MARION WILSON, JR.,** | * **COUNT 3: Armed Robbery** |
| **·Defendant** | * **COUNT 4: Hijacking a Motor Vehicle** |
| | * **COUNT 5: Possession of a Firearm** |
| | *   **During the Commission of a Crime** |
| | * **COUNT 6: Possession of Sawed-Off** |
| | *   **Shotgun** |

## MOTION TO STRIKE AND DECLARE UNCONSTITUTIONAL
### O.C.G.A. § 16-11-106

COMES NOW Marion Wilson, Jr., Defendant herein, by and through his attorneys of record, and moves this Court pursuant to the rights and guarantees set forth in the Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the Constitution of the United States of America and pursuant to Article 1, Section 1 ¶¶ I, II, XI, XII, XIV, XVI and XVII of the Constitution of the State of Georgia for an order declaring the Official Code of Georgia Section 16-11-106 (Ga. L. 1968, p. 982, Sections 1, 2; Ga. L. 1974, p. 385, Section 1; Ga. L. 1976, p. 1591, Sections 1, 2; Ga. L. 1985, p. 425, Section 1; Ga. L. 1986, p. 1205, Section 1; Ga. L. 1987, p. 624, Section 1.) unconstitutional and in support of this motion THE DEFENDANT would further show as follows:

1.

The Defendant is before this Honorable Court charged with murder, armed robbery, hijacking a motor vehicle, possession of a firearm during the commission of a crime, and possession of a sawed-off shotgun

2.

The Official Code of Georgia Annotated Section 16-11-106 provides as follows:

(a) For the purposes of this Code section, the term "firearm" shall include stun guns and tasers. A stun gun or taser is any device that is powered by electrical charging units such as batteries and emits an electrical charge in excess of 20,000 volts or is otherwise capable of incapacitating a person by an electrical charge.

(b) Any person who shall have on or within arm's reach of his person a firearm or a knife having a blade of three or more inches in length during the commission of, or the attempt to commit:

(1) Any crime against or involving the person of another;

(2) The unlawful entry into a building or vehicle;

(3) A theft from a building or theft of a vehicle;

(4) Any crime involving the possession, manufacture, delivery, distribution, dispensing, administering, selling, or possession with intent to distribute any controlled substance as provided in Code Section 16-13-30; or

(5) Any crime involving the trafficking of cocaine, marijuana, or illegal drugs as provided in Code Section 16-13-31, and which crime is a felony, commits a felony and, upon conviction thereof, shall be punished by confinement for a period of five years, such sentence to run consecutively to any other sentence which the person has received.

(C) Upon the second or subsequent conviction of a person under this Code section, the person shall be punished by confinement for a period of ten years. Notwithstanding any other law to the contrary, the sentence of any person which is imposed for violating this Code section a second or subsequent time shall not be suspended by the court and probationary sentence imposed in lieu thereof.

(d) The punishment prescribed for the violation of subsections (b) and © of this Code section shall not be reducible to misdemeanor punishment as is provided by Code Section 17-10-5.

(e) Any crime committed in violation of subsections (b) and (c) of this Code Section shall be considered a separate offense.

94

3.

This statute is fraught with ambiguity and is glaring in its overbreadth without any real direction. The critical fault with this statute from a constitutional stand point is that there is no seminal definition of the term "substantial." Although there are numerous cases which attempt to define the term none come close to passing constitutional muster. A conviction for an offense so poorly defined as to leave reasonable doubt whether the conduct of the accused falls within the ambit of the law cannot stand constitutional scrutiny. The poor definitional limits to this statute come from the attempt by the General Assembly members to include practically every weapon and every crime. See, generally Comment, "The Void-for-Vagueness Doctrine in the Supreme Court," 109 U.Pa. L.REve. 67 (1960).

4.

This rule of constitutional construction is of such importance because of the notion that no person shall be deprived of life, liberty or property without due process of law. It must be remembered by this Court and any court of constitutional review that there are two due process clauses in the United States Constitution, one appearing in the Fifth Amendment, the other in the Fourteenth Amendment. The Fifth Amendment enjoins action by the federal government; the Fourteenth Amendment applies to the governments of the individual states. In Maynard. Cartwright, 486 U.S. 356, 100 L.Ed.2d 372, 108 S.Ct. 1853 (1988), the Supreme Court of the United States observed that ""[o]bjections to vagueness under the due process clause rest on the lack of notice, and hence may be overcome in any specific case where reasonable persons would know that their conduct is at risk. The void-for-vagueness doctrine is first of all one which should place an individual on notice as to what is being prohibited. Of course, in an attempt statute such as U.C.G.A. Section 16-11-106, it can be said that the underlying "specific crime" provides the 95

...otice of what conduct is prohibited.  However, that does not end the constitutional inquiry.

There is another due process component to the void-for-vagueness scrutiny which must be

applied to statutes.  This component is served by the argument that the statute must not be so

loosely worded as to encourage and allow arbitrary and discriminatory enforcement of a particular

statute.  See, Grayned v. City of Rockford, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972)

where the Court held that a "vague law impermissibly delegates basic policy matters to policemen,

judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of

arbitrary and discriminatory application."  See also Kolender v. Lawson, 461 U.S. 352, 103 S.Ct.

1855, 75 L.Ed.2d 903 (1983).  What concerned the Court in the Lawson case was not that the

Defendant was uninformed as to conforming his behavior to the requirements of the law.  What

concerned the Court was that from all appearances the defendant, and therefore others potentially,

had been subject to discriminatory enforcement by local prosecuting officials.  O.C.G.A. Section

16-11-106 is one of those statutes that lend themselves to the arbitrary and capricious

enforcement policies of individual police officers and prosecutors and therefor must be voided on

that basis.

5.

The prohibition against "hav[ing] on or within arm's reach of his person a firearm or a

knife having a blade of three or more inches. . ." would subject an individual to the punishments

set forth in this statute if he were sitting at his desk in his office and verbally assaulted another

person over the telephone and he had pistol or knife in his desk drawer.  This is the absurdity to

which this statute allows the creativity of prosecutors to extend.  This statute clearly would

violate the rights and privileges set forth in the Second Amendment to the Constitution of the

United States.  Who in their right mind would ever possess any type of weapon keep that weapon

96

within "arms reach of his person?" The statute is void and unconstitutional because of its

overbreadth and ambiguity to which it might be applied.


WHEREFORE, the Defendant would respectfully request an evidentiary hearing on this

motion and for an order declaring O.C.G.A. § 16-11-106 void and unconstitutional.

This 14 Day of July_____, 1997.

Respectfully Submitted,                                      Respectfully Submitted,

PHILIP CARR                                                  THOMAS J. O'DONNELL, JR.
Attorney for Defendant                                       Attorney for Defendant

118 S. Wilkinson St.                                         118 S. Wilkinson St.
Owen Bldg., Suite 5                                          Owen Bldg., Suite 11
Milledgeville, GA 31061                                      Milledgeville, GA 31061
(912) 452-5385                                               (912) 452-1183
State Bar No. 111888                                         State Bar No. 549987

97

GEORGIA, BALDWIN COUNTY

I certify that I have this day served the foregoing MOTION TO STRIKE AND DECLARE UNCONSTITUTIONAL O.C.G.A. Section 16-11-106 upon FREDRIC BRIGHT, District Attorney, Baldwin County Courthouse, Milledgeville, Georgia.

Said Motion was served by hand-delivery.

This 16 day of July , 1997.

Respectfully Submitted,

Respectfully Submitted,

J. PHILIP CARR
Attorney for Defendant
State Bar No. 111888

THOMAS J. O'DONNELL, JR.
Attorney for Defendant
State Bar No. 549987

FILED IN OFFICE THIS
18th DAY OF July , 97
Wanda J. Chambers 1:7H
CHIEF DEPUTY CLERK OF SUPERIOR COURT BALDWIN CO. GEORGIA

98

# IN THE SUPERIOR COURT OF BALDWIN COUNTY
## STATE OF GEORGIA

STATE OF GEORGIA       * 

      * CASE NO. 39249

vs.       *

      * COUNTS 1 & 2: Murder

MARION WILSON, JR.,       * COUNT 3: Armed Robbery

Defendant       * COUNT 4: Hijacking a Motor Vehicle

      * COUNT 5: Possession of a Firearm

      *    During the Commission of a Crime

      * COUNT 6: Possession of Sawed-Off

      *    Shotgun

---

## MOTION TO STRIKE AND DECLARE UNCONSTITUTIONAL
## O.C.G.A.§ 16-5-1

COMES NOW Marion Wilson, Jr., Defendant herein, by and through his attorneys of record, and moves this Court pursuant to the rights and guarantees set forth in the Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the Constitution of the United States of America and pursuant to Article 1, Section 1 ¶¶ I, II, XI, XII, XIV, XVI and XVII of the Constitution of the State of Georgia for an order declaring the Official Code of Georgia Section 16-5-1 (Laws 1833, Cobb's 1851 Digest, p. 783; Code 1863, §4217; Code 1868, §4254; Code 1873, §4320; Code 1882, §4320; Penal Code 1895, §60; Penal Code 1910, §60; Code 1933, §26-1002; Code 1933, §26-1101, enacted By Ga. L. 1968, p.1249, §1.) unconstitutional and in support of this motion this defendant would further show as follows:

1.

Defendant is before this Honorable Court charged with murder, armed robbery, hijacking a motor vehicle, possession of a firearm during the commission of a crime, and possession of a sawed-off shotgun. The State has announced its intent to seek the death penalty.

2.

The Official Code of Georgia Annotated Section 16-5-1 provides as follows:

(a)  A person commits the offense of murder when he unlawfully and with malice aforethought, either express or implied, causes the death of another human being.

(b)  Express malice is that deliberate intention unlawfully to take the life of another human being which is manifested by external circumstances capable of proof.  Malice shall be implied where no considerable provocation appears and where all the circumstances of the killing show an abandoned and malignant heart.

(c)  A person also commits the offense of murder when, in the commission of a felony, he causes the death of another human being irrespective malice.

(d)  A person convicted of the offense of murder shall be punished by death or imprisonment for life.

3.

The legislature of the State of Georgia in drafting this law has created an ambiguous and

vague piece of legislation which fails to comply with the constitutionally mandated requirements

of due process and equal protection.  This statute is unconstitutional on its face.  The statute

provides that murder is an offense against the state and that the offense requires that malice

aforethought be an integral part of this offense.  The statute then fails to define "malice

aforethought".  The statute attempts to define malice as that "deliberate intention unlawfully to

take the life of another human being which is manifested by external circumstances capable of

proof.  The drafters of the legislation then go on to state that "[M]alice shall be implied where no

considerable provocation appears and where all the circumstances of the killing show an

a   doned and malignant heart".  This language, while colorful and prosaic fails to meet the

100

constitutional requirements of certainty and directness.  The Second Edition of *The American Heritage Dictionary*, copyright 1985, at page 759 defines "malice" as "[A] desire to harm others or to see other suffer. 2. *Law*.  The intent, without just cause or reason, to commit an unlawful act that will result in injury to another or others..."  The very definition employed by the legislature to carve out the offense of "murder" does not require that an individual have the "intent" to cause the death of another human being.  Malice, as employed by the legislature in this instance, really does nothing to define the offense which the state is actually attempting to prevent.  If the legislative intent was to provide for a harge of murder whenever an ndividual shows "an abandoned and malignant heart", then the intent fails constitutional muster.  The term "abandoned and malignant heart", while colorful and prosaic does nothing to define the offense which the state is attempting to legislate.  Edgar Allen Poe in his poetry speaks of the "tell tell heart";however, tne heart about which the poets speak is nothing more than a body muscle designed to distribute blood throughout the body.  The "heart" of an human being has nothing biologically or psychologically to do with the brain and its ability to form an "intent".  The lay person might say "well we know what they meant" but this is not good enough for the constitutional requirements of certainty and specificity.  The "malignancy" about which the legislators spoke when they enacted this legislation undoubtedly was in reference to some form of "evil".[1]  It goes without saying that "evil" has been a historically fluid term.  The legislature has played a word game with the citizens of the state of Georgia and enacted a statute condemning the taking of another human being's life, but has done so in such a way that fails to define the "crime" in such a way to enable a trier of fact to ascertain when, and under what circumstances, "murder" has occurred.  The

---

[1] See *Webster's New Collegiate Dictionary*, copyright 1974 where "malignant" is defined as "evil in nature, influence, or effect..."

101

statute, as drafted, simply leaves it up to a jury to find murder if the individual juror applies his or her own set of moral values to a situation where a life has been taken. Obviously, the lost of life is something that the greater community must attempt to prevent and the unlawful taking of a life is something which the state has a legitimate interest in punishing. However, the unlawful taking of a life in one community must be evaluated and tried in the same manner in every community. The guidelines which the legislature has attempted to form in the present statute fails to provide an individual with the equal protection of the law and it certainly fails to insure due process in how each community might define such terms as "evil", "malignant" or "abandoned".

4.

O.C.G.A.§ 16-5-1 is unconstitutional and must be voided by this Court.

WHEREFORE, having moved this Court for an Order declaring O.C.G.A. §16-5-1 unconstitutional, this defendant respectfully demands that this Court find that the statute is valid, vague, ambiguous and is unconstitutional.

This 14 day of July_____, 1997.

Respectfully Submitted,

_____
J. PHILIP CARR
Attorney for Defendant

118 S. Wilkinson St.
Owen Bldg., Suite 5
Milledgeville, GA 31061
(912) 452-5385
State Bar No. 111888

Respectfully Submitted,

_____
THOMAS J. O'DONNELL, JR.
Attorney for Defendant

118 S. Wilkinson St.
Owen Bldg., Suite 11
Milledgeville, GA 31061
(912) 452-1183
State Bar No. 549987

102

GEORGIA, BALDWIN COUNTY

I certify that I have this day served the foregoing MOTION TO STRIKE AND DECLARE UNCONSTITUTIONAL O.C.G.A. Section 16-5-1 upon FREDRIC BRIGHT, District Attorney, Baldwin County Courthouse, Milledgeville, Georgia.

Said Motion was served by hand-delivery.

This 16 day of July, 1997.

Respectfully Submitted,

_____
J. PHILIP CARR
Attorney for Defendant
State Bar No. 111888

Respectfully Submitted,

_____
THOMAS J. O'DONNELL, JR.
Attorney for Defendant
State Bar No. 549987

FILED IN OFFICE THIS
18th DAY OF July 97
Wanda J. Chambers DA
CHIEF DEPUTY CLERK OF SUPERIOR COURT BALDWIN CO.

103

**IN THE SUPERIOR COURT OF BALDWIN COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| STATE OF GEORGIA | * |
| | * CASE NO. <u>39249</u> |
| vs. | * |
| | * COUNTS 1 & 2: Murder |
| MARION WILSON, JR., | * COUNT 3: Armed Robbery |
| Defendant | * COUNT 4: Hijacking a Motor Vehicle |
| | * COUNT 5: Possession of a Firearm |
| | *     During the Commission of a Crime |
| | * COUNT 6: Possession of Sawed-Off |
| | *    Shotgun |

---

<u>**MOTION FOR DISCOVERY OF INFORMATION**</u>
<u>**REGARDING STATE EXPERTS**</u>

COMES NOW Marion Wilson, Jr., Defendant herein, by and through his attorneys of record, moves this Court pursuant to the rights and guarantees set forth in the Constitution of the United States of America and Article I, Section 1 ¶¶ I, II, XI, XII, XIII, XIV, XVI, and XVII of the Constitution of the State of Georgia, <u>Eason v. State</u>, 260 Ga. 445, 396 S.E.2d 492 (1990), and other applicable law, to order discovery regarding the expert testing and examinations which have apparently been performed in this case and in support of the motion this defendant would show as follows:

1.

Defendant is before this Honorable Court charged with murder, armed robbery, hijacking a motor vehicle, possession of a firearm during the commission of a crime, and possession of a sawed-off shotgun

104

2.

"Without doubt, the days of trial by ambush should be put behind us once and for all."

Barnes v. State,471 So. 2d 1218, 1222 (Miss. 1985).  This defendant therefore requests

*immediate* discovery of all the items listed below, as well as such other discoverable materials not

requested by specific designation.  If the discovery is less than prompt, this defendant cannot be

expected to prepare for trial.  His requests are predicated on the United States Constitution, as

well as upon the state rules of discovery.  See e.g., Brady v. Maryland, 373 U.S. 83, 83 S.Ct.

1194, 10 L.Ed 2d 215 (1963); Napue v. Illinois,360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed 2d 1217

(1959); Giles v. Maryland, 386 U.S. 66, 87 S.Ct.793, 17 L.Ed.2d 737 (1967); Davis v. Alaska,

415 U.S. 308, 94 S.Ct. 1105,39 L.Ed.2d 347 (1974); United States v. Pitt, 717 F.2d 1334 (11th

Cir. 1983), cert. denied, 465 U.S. 1068 (1984).

3.

The prosecution must actively seek out information which is in the hands of other

governmental agencies, especially when there is a specific request.  As the Fifth Circuit held in

Freeman v. Georgia, 599 F.2d 65 (5th Cir. 1979), cert. denied, 444 U.S. 1013 (1980), the actions

or inactions of one governmental actor must be imputed to another:

> [T]he duty of disclosure is that of the state, which ordinarily acts
> through the prosecuting attorney;  but if he too is the victim of
> police suppression of the material information, the state's failure is
> not on that account excused.

Id. at 70 (quoting Barbee v. Warden, 331 F.2d 842 (4th Cir. 1964)).  Accord Schneider v.Estelle,

552 F.2d 593 (5th Cir. 1977); Smith v. Florida, 410 F.2d 1349,1351 (5th Cir. 1969); Royal v.

Dutton, 392 F.2d 544 (5th Cir. 1968); Jackson v. Wainwright, 390 F.2d 288, 296 (5th Cir. 1968).

105