IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MARION WILSON, JR., | : | |
| Petitioner | : | |
| vs. | : | |
| | : | CIVIL ACTION NO.: 5:10-CV-489 (MTT) |
| STEPHEN UPTON, Warden, | : | |
| Respondent | : | |

# **ORDER**

Pending before the Court is Petitioner's Motion for Appointment of Counsel pursuant to 18 U.S.C. § 3599.

The Court previously appointed Brian Kammer, an attorney with the Georgia Resource Center of Atlanta, Georgia ("Resource Center") to represent Petitioner in this habeas corpus proceeding. (R. at 4). Petitioner now requests appointment of David J. Harth and David E. Jones. Mr. Harth and Mr. Jones are attorneys with Perkins Coie LLP in Madison, Wisconsin.

18 U.S.C. § 3599 (a) (2) provides as follows:

> In any post conviction proceeding under section 2254 or 2255 of Title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsection (b) through (f).

The Court has already determined that Petitioner is financially unable to obtain adequate representation and is entitled to appointment of counsel under this section. (R. at 4).

18 U.S.C. 3599 (c) provides as follows:

> If the appointment is made after judgment, at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of

appeals in that court in felony cases.

The Court has appointed Brian Kammer and found that he meets these qualifications. (R. at 4).

18 U.S.C. § 3599 (d) provides as follows:

> [T]he court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique nature of the litigation.

Petitioner has shown good cause for the appointment of both Mr. Harth and Mr. Jones. Mr. Harth "has represented litigants in federal court for the past 30 years" while Mr. Jones has done so for "the past 21 years." (Aff. of David J. Harth, p.1; Aff. of David E. Jones, p.1). Moreover, both attorneys are intimately familiar with this case because they, along with Brian Kammer, represented Petitioner in the state habeas proceedings. (Aff. of David J. Harth, p. 1; Aff. of David E. Jones, p. 1).

Therefore, Petitioner's Motion for Appointment of Counsel is **GRANTED** and David J. Harth and David E. Jones are appointed to represent Petitioner in his federal habeas corpus action.[1]

**SO ORDERED**, this 28th day of January, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

lnb

---

[1] Petitioner states that "[i]f appointed, Messrs. Harth and Jones and Perkins Coie LLP do not intend to seek compensation under 18 U.S.C. § 3599 (g)(1)." Therefore, the Court will expect to receive CJA 30 Vouchers only from the Resource Center and only reflecting time for Brian Kammer.