IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MARION WILSON, JR., :
:
    Petitioner :
:
vs. : 5:10-CV-489 (MTT)
:
CARL HUMPHREY,[1] :
:
    Respondent :
_____:

# **ORDER**

Petitioner filed a 57 page Petition for Writ of Habeas Corpus By a Person in State Custody ("habeas corpus petition"), a Motion for Leave to Proceed *in forma pauperis*, and two Motions for Appointment of Counsel. (R. at 1, 2, 3, 6). The Court has granted his Motion for Leave to Proceed *in forma pauperis* and appointed counsel. (R. at 4, 19). Respondent has filed a Response to the Petition for Writ of Habeas Corpus (R. at 7) and, pursuant to Rule 5 of the Rules Governing 28 U.S.C. § 2254 Proceedings, filed approximately 99 exhibits. (R. at 8-18). Petitioner has filed a Reply to Respondent's Answer-Response to Petition for Writ of Habeas Corpus. (R. at 20).

Both Petitioner and Respondent have notified the Court that they are unable to "come to an agreement as to scheduling in this case." (R. at 21, p. 1; R. at 22, p. 1). Petitioner proposes a scheduling order that allows him four months to amend his habeas corpus petition followed by months (if not years) of briefing. Conversely, Respondent proposes a single brief from both parties concerning all issues, including:

---

[1]Carl Humphrey is now the Warden at the Georgia Diagnostic and Classification Center. Therefore, he, as opposed to Stephen Upton, should be shown as the Respondent in this habeas corpus action.

Discovery; the need for an evidentiary hearing; procedural default; exhaustion; cause and prejudice to overcome any default; and the "merits" of all issues raised in the habeas corpus petition.

The Court agrees with Respondent that the issues regarding exhaustion and procedural default, as well as cause and prejudice necessary to overcome the default, often require an analysis of the merits of the underlying habeas claims. For this reason, the Court prefers to address procedural default issues at the same time that it addresses the "merits" of Petitioner's claims. However, the Court agrees with Petitioner that it seems inefficient to simultaneously seek discovery while briefing the merits of the claims to which the discovery is relevant. Should the Court decide to grant discovery or an evidentiary hearing, the parties would then need to re-brief the same issues again at a later date depending upon what evidence was developed during the discovery or evidentiary hearing.

The Court understands, and shares, the concerns of both parties; i.e., the need to "ensure full and accurate briefing on all issues in this complex death penalty action" as well the necessity to avoid "repeatedly brief[ing] the same issue for the Court's review." (R. at 23, p. 3; R. at 22, p. 3). With these goals in mind, the Court finds that the following briefing schedule should accommodate both parties, as well as the Court:

Petitioner's motion for leave to conduct discovery, if any, shall be filed within thirty (30) days of the filing of this Order. Respondent shall have thirty (30) days to respond to such motion, and Petitioner shall have fifteen (15) days to reply to Respondent's response.

Petitioner's motion for an evidentiary hearing, if any, shall be filed within thirty (30) days of the completion of discovery, or, within thirty (30) days of the filing of the Court's denial of discovery. Respondent shall have thirty (30) days to respond to such motion, and Petitioner shall have fifteen (15) days to reply to Respondent's response.

If Petitioner does not seek discovery, his request for an evidentiary hearing shall be filed within thirty (30) days of the filing of this Order. Respondent shall have thirty (30) days to respond, and Petitioner shall have fifteen (15) days to reply to Respondent's response.

Within forty-five (45) days after evidence has been received, or within forty-five (45) days after the Court issues an Order denying an evidentiary hearing, Petitioner must file a brief addressing all outstanding issues; including the issues of exhaustion, procedural default, cause and prejudice, fundamental miscarriage of justice, and the merits for all claims contained in his Petition for Writ of Habeas Corpus. Respondent shall have forty-five (30) days to respond, and Petitioner shall have fifteen (15) days to reply to Respondent's response.

Given the great volume of exhibits filed in this action, both parties are admonished that if they cite to or refer to exhibits in their briefs, citations must refer to the exhibits by giving the exhibit number and the page number(s) shown.

If the parties find it necessary to request additional time to file any of the motions and briefs described above, they must file a motion making such a request. Any motion requesting additional time must set forth the reasons for the request and the exact amount of additional time that is needed.

**SO ORDERED**, this 4th day of March, 2011.


S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

lnb