IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MARION WILSON, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:10-CV-489(MTT) |
| | ) | |
| CARL HUMPREHY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## ORDER

Pending before the Court is Petitioner's Motion to Stay and Hold in Abeyance Federal Court Proceedings Pending Exhaustion of State Remedies.  For reasons discussed below, this motion is **DENIED**.

## I.  RELEVANT PROCEDURAL HISTORY

On May 29, 1996, a Baldwin County Grand Jury indicted Wilson for malice murder, felony murder, armed robbery, hijacking a motor vehicle, possession of a firearm during the commission of a crime, and possession of a sawed-off shotgun. *Wilson v. State*, 271 Ga. 811, 812 n.1, 525 S.E.2d 339, 343 n.1 (1991), *overruled in part by O'Kelley v. State*, 284 Ga. 758, 670 S.E.2d 388 (2008).  Wilson's trial began on October 27, 1997.  The jury found him guilty of all charges, and on November 7, 1997 the jury recommended the death sentence for malice murder.  *Id.*

Wilson was represented by Tom O'Donnell and Jon Phillip Carr during his trial. (Doc. 18-4, Resp't Ex. 90 at 11).  O'Donnell was lead counsel and Carr's "role was to assist him." (Doc. 12-6, Resp't Ex. 54 at 206).  O'Donnell remained lead counsel

throughout the trial, but on direct appeal, O'Donnell withdrew because he took a position as Special Assistant Attorney General working with the Department of Children and Family Services. (Doc. 12-6, Resp't Ex. 54 at 229, 232). Carr and John Bradley represented Wilson during his direct appeal. (Doc. 12-6, Resp't Ex. 54 at 230). The Georgia Supreme Court upheld the conviction and sentence on November 1, 1999. *Wilson*, 271 Ga. at 824, 525 S.E.2d at 351.

In his state habeas petition, filed on February 1, 2001, Wilson raised "numerous claims of ineffective assistance of trial and appellate counsel." (Doc. 18-4, Resp't Ex. 90 at 10). The state court convened an evidentiary hearing on February 22-23, 2005. (Doc. 12-5 to 16-13, Resp't Ex. 54-72). However, the state court did not enter its order denying habeas relief until November 25, 2008. (Doc. 18-4, Resp't Ex. 90).

On June 25, 2006, Carr was arrested and accused of indecent sexual activity with a thirteen year old girl and a fourteen year old girl who had escaped from a halfway house for troubled youth in Baldwin County. (Doc. 25-2, 25-3, 25-4). In March, 2007, Carr was sentenced to serve twenty-five years in jail for four counts of child molestation. (Doc. 25-5).

Wilson did not inform the state court of Carr's arrests and convictions. Thus, even though he now contends that Carr's convictions are critically important to the resolution of his claims of ineffective assistance of counsel, he did not seek leave of the state court to submit evidence of these convictions. In its November 25, 2008 order, the state court adjudicated Wilson's ineffective assistance claims on the merits and, as

Wilson points out, the Court gave credit to Carr's testimony.  (Doc. 18-4, Resp't Ex. 90 at 10-40).

Wilson filed his application for a certificate of probable cause to appeal from the denial of state habeas corpus relief in the Georgia Supreme Court on January 30, 2009. (Doc. 18-6, Resp't Ex. 92).  Wilson asserted his ineffective assistance of counsel claims, but never asked the Georgia Supreme Court to consider Carr's convictions in assessing the habeas court's denial of these claims.  The Georgia Supreme Court summarily denied the application.  (Doc. 18-9, Resp't Ex. 95).

On December 19, 2010, Wilson filed his federal habeas corpus petition.  (Doc. 1). On April 4, 2011, he filed numerous documents with this Court showing that Carr was a convicted child molester.  (Doc. 25-1, 25-2, 25-3, 25-4).  Wilson moved for leave to conduct discovery related to Carr's character and crimes.  (Doc. 25-1, Pet'r Br. at 7-12). The Court denied Wilson's motion primarily for two reasons.  First, Wilson already had all information regarding Carr's crimes and conviction that he reasonably could use. Second, Wilson "had nearly three years after Carr's arrest and over eighteen months after Carr's conviction to raise the issue of Carr's credibility with the court considering whether Carr's representation was ineffective," but he never did so.  (Doc. 28, July 12, 2011 Order at 11).  In short, he had not been "reasonably diligent in trying to develop the factual record while in state court."  *Isaacs v. Head*, 300 F.3d 1232, 1249 (11th Cir. 2002).  Wilson now requests this "Court stay and hold in abeyance his federal habeas proceedings so that he may return to state court to fully exhaust all facts pertinent to his ineffectiveness claim."  (Doc. 32, Pet'r Br. at 3).

In *Rhines v. Weber*, 544 U.S. 269 (2005) the Supreme Court announced the standard for determining whether to grant a stay in a § 2254 action: The district court should stay a mixed habeas petition when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The purpose of the stay and abeyance procedure approved in *Rhines* is to allow a federal habeas petitioner to pursue unexhausted claims in state court. In this case, however, Wilson appears to have exhausted his ineffective assistance of counsel claims. He acknowledges that he raised all of his ineffective assistance of counsel claims in his state habeas petition and that the state habeas court ruled on these claims. (Doc. 32, Pet'r Br. at 3-4; Doc. 18-4, Resp't Ex. 90 at 10-40). Indeed, Respondent does not allege a failure to exhaust bars the district court from reviewing any of these claims. Wilson states, however, that he has not exhausted "all relevant facts pertaining to his claim of ineffective assistance of counsel" because the state habeas court did not take into account Carr's 2007 conviction for child molestation. (Doc. 32, Pet'r Br. at 5).

The exhaustion of state remedies requires that federal habeas corpus petitioners fairly and adequately present their claims to the state courts before seeking relief in the federal courts. Courts have explained:

> When a federal habeas petitioner raises a claim previously presented in the state courts, but bases the federal habeas corpus claim upon new factual allegations, new legal theories, or materially different and stronger evidence than was presented to the state courts, then the claim has not been fairly presented in the state courts and the petitioner has failed to

exhaust [his] state remedies in accordance with 28 U.S.C. § 2254(b) and (c)."

*Rolle v. McNeil*, 2008 WL 2620736, at *12 (S. D. Fla. June 30, 2008) (citing *Givens v. Green*, 12 F.3d 1041 (11th Cir. 1994); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669 (7th Cir. 1990)("The exhaustion requirement is not satisfied if a petitioner presents new legal theories or new factual allegations in federal court which cast [his] claim in a significantly different light."). However, "not every new piece of evidence makes a claim a new one." *Fairchild v. Workman*, 579 F.3d 1134, 1148 (10th Cir. 2009).

In this case, the fact that Carr was convicted of child molestation approximately ten years after he represented Wilson at trial and eight years after he represented Wilson during his appeal does not change the substance of Wilson's various ineffective assistance of counsel claims. In other words, this "new piece of evidence" does not convert Wilson's various ineffective assistance of counsel claims into new claims. *Fairchild*, 579 F.3d at 1149. It is only when the "new evidence so changes the legal landscape that the state court's prior analysis no longer addresses the substance of the petitioner's claim, [that the district court] must necessarily say that the new evidence effectively makes a new claim—one that the state court has not adjudicated on the merits." *Id.* That is not the situation here.[1] The "new evidence" is impeachment

---

[1] Petitioner cites two Georgia cases for the proposition that "claims may be revisited in subsequent habeas corpus proceedings if new facts or a change in the law so warrant." (Doc. 32, Pet'r Br. at 6)(citing *Fleming v. Zant*, 259 Ga. 687, 688 (1989) and *Johnson v. Zant*, 249 Ga. 812, 818 (1982)). This Court's order does not, of course, prohibit Wilson from filing a "subsequent habeas corpus proceeding[]" in the state courts. (Doc. 32, Pet'r Br. at 6). The Court simply finds that it cannot, pursuant to *Rhines*, stay this action and hold the federal habeas proceedings in abeyance while Wilson pursues such a state habeas action.

evidence that Wilson presumably contends is admissible to impeach Carr's character

for truthfulness.[2]  While this impeachment evidence may be important, it does not

constitute a new theory of ineffective assistance of counsel.  It, at most, simply

buttresses Wilson's argument that Carr should not be believed.  (Doc 12-11, Resp't Ex.

56, at 770-71; Doc. 12-9, Resp't Ex. 56, at 609, 621; Doc. 17-9, Resp't Ex. 83, at 22,

51-75).

Additionally, Wilson has not shown "good cause" for failing to present this

character evidence while his case was pending in the state habeas court.  He had

nearly three years after Carr's arrest and over eighteen months after Carr's conviction to

raise in the state habeas proceedings the issue of whether Carr's transgressions

impeached his credibility.  The Court recognizes that Carr's arrest and convictions

occurred after the evidentiary hearing.  That does not explain, however, why Wilson

does not ask the Court to reopen the record to consider this new evidence.

Accordingly, Wilson's Motion to Stay and Hold in Abeyance Federal Court

Proceedings Pending Exhaustion of State Remedies is **DENIED**.

---

[2]  Wilson never states specifically why Carr's convictions are admissible.  Had he been
convicted prior to testifying at the state habeas hearing, Wilson could have used the convictions
to impeach Carr's credibility.  See Mullins v. Thompson, 274 Ga. 366, 553 S.E.2d 154 (2001).
The convictions also would be admissible pursuant to O.C.G.A. § 24-9-84.1, which became
effective July 1, 2005.  In federal court, the convictions would be admissible to impeach Carr's
character for truthfulness.  Fed. R. Evid. 609.  Wilson does not address the issue of whether a
witness can be impeached with a conviction dated after the witness testifies.

**SO ORDERED**, this 26th day of August, 2011.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT