**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **MARION WILSON, JR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:10-CV-489(MTT)** |
| | ) | |
| **CARL HUMPHREY, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**<u>ORDER</u>**

Pending before the Court is Wilson's Motion for Leave to Conduct an Evidentiary Hearing.  (Doc. 36).

**I.    <u>STANDARDS GOVERNING THE REQUEST FOR AN EVIDENTIARY HEARING</u>**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996.  ("AEDPA").  *See McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005) (explaining that all federal habeas petitions filed after April 24, 1996 are governed by AEDPA).  The Supreme Court recently explained that "[a]lthough state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so."  *Cullen v. Pinholster*, 131 S. Ct. 1388, 1401 (2011)

If a claim has been "'adjudicated on the merits in State court proceedings,'" this Court cannot grant relief unless the adjudication of that claim:

> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

*Pinholster*, 131 S. Ct. at 1398 (quoting 28 U.S.C. § 2254(d)(1)-(2)).

A district court's review under both § 2254(d)(1) and (2) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Id*. at 1398, 1400 n.7.  "If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation[s] of § 2254(d)(1) [and (d)(2)] on the record that was before the state court." *Id*. at 1400.   Thus, when reviewing claims that were "adjudicated on the merits in State court proceedings," this Court may not consider new evidence presented at a federal habeas corpus evidentiary hearing. 28 U.S.C. § 2254(d).

Wilson argues that *Pinholster* only addresses when a district court can consider new evidence and places no restriction on when a district court can hold an evidentiary hearing. According to Wilson, this Court should hold an evidentiary hearing and then determine whether to consider the evidence that was presented at such hearing.  (Doc. 36-1, Pet'r Br. at 4-5). However, holding an evidentiary hearing would be a pointless exercise when the Court cannot, pursuant to the holding in *Pinholster*, consider any evidence that would be presented at the hearing.  Clearly, as many courts have already held, the Supreme Court in *Pinholster* limited the instances in which a district court can properly conduct an evidentiary hearing. [1]

---

[1]  *See Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 n.1 (11th Cir. 2011)(citing *Pinholster* for the proposition that "AEDPA does contain additional restrictions on a federal court

Additionally, 28 U.S.C. § 2254(e)(2) "restricts the discretion of federal habeas courts to consider new evidence when deciding claims that were not adjudicated on the merits in state court."  *Pinholster*, 131 S. Ct. at 1401; *LeCroy v. Sec'y Fla. Dep't. of Corr.*, 421 F.3d 1237, 1259 (11th Cir. 2005).  Section 2254(e)(2) provides:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
>> (A) the claim relies on--
>>
>>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>>
>>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>>
>> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no

---

granting an evidentiary hearing in a state prisoner's habeas proceeding")*; Atkins v. Clarke*, 642 F.3d 47, 49 (1st Cir. 2011)(holding that the district court correctly denied petitioner's request for an evidentiary hearing when his "ineffective assistance claim was adjudicated on the merits by the state court"); *Ridgeway v. Zon*, 424 F. App'x 58, 59-60 (2d Cir. 2011)(holding that the state court record of trial counsel's activities and strategies was "sparse, to say the least," but *Pinholster* foreclosed the option of remanding to the district court for a hearing to give counsel an opportunity to explain his behavior); *Jackson v. Kelly*, 2011 WL 1534571, at *12 (4th Cir. April 25, 2011)(holding that the district court erred in holding an evidentiary hearing "in light of the Supreme Court's recent delineation of such hearings' limited role in federal habeas proceedings"); *Pape v. Thaler*, 645 F.3d 281, 287-88 (5th Cir 2011)(holding that the district court erred in conducting an evidentiary hearing because petitioner's claim of ineffective assistance of counsel had been adjudicated on the merits in the state court and the petitioner "'must overcome the limitation of § 2254(d)(1) on the record that was before the state court'")(citations omitted); *Price v. Thurmer*, 637 F.3d 831, 836-37(7th Cir. 2011)(explaining that post-*Pinholster*, it is error to order an evidentiary hearing when the petitioner seeks relief under 28 U.S.C. § 2254(d)(1)); *Kirby v. Att'y Gen. ex rel. New Mexico,* 2011 WL 4346849, *11 (10th Cir. Sept. 19, 2011)(explaining that petitioner's request to hold an evidentiary hearing or expand the record to include additional evidence not presented to the state court is "no longer permitted under" *Pinholster*).

reasonable factfinder would have found the applicant guilty of the
underlying offense.

28 U.S.C. § 2254(e)(2).

## II.    APPLICATION OF THESE STANDARDS TO WILSON'S SPECIFIC REQUESTS

### A.   Request for an evidentiary hearing regarding the proportionality of Wilson's sentence

Wilson claims that the death sentence imposed on him was "arbitrary, capricious, and disproportionate to the nature of his crime." (Doc. 36-1, Pet'r Br. at 6). Section 2254(d) applies to this claim because the Georgia Supreme Court adjudicated the claim on the merits. *Wilson v. State*, 271 Ga. 811, 823-24, 525 S.E.2d 339, 351 (1999). Even Wilson acknowledges that he presented this claim to the Georgia Supreme Court and the court ruled on the claim, albeit in a "cursory finding." (Doc. 36-1, Pet'r Br. 6-7). The "cursory" nature of the ruling is irrelevant because "[s]ection 2254(d) applies even where there has been a summary denial" of a claim. *Pinholster*, 131 S. Ct. at 1402.

This Court's review of the claim is, therefore, "limited to the record . . . before the state court." *Id.* at 1398. The new evidence that Wilson seeks to introduce at a federal evidentiary hearing ("expert testimony and documentation regarding a statistical analysis of convictions since Mr. Wilson's briefing in the state habeas proceedings closed in February 2006) would have "no bearing on § 2254(d)(1) [or (d)(2)] review." *Id.* at 1400. Therefore, there is no basis for the Court to conduct an evidentiary hearing on this claim.[2]

---

[2] This Court has already explained that the Constitution does not require comparative proportionality review in any form and that the Eleventh Circuit has forbidden the district courts from conducting a case-by-case comparison of the review undertaken by the Georgia Supreme

B.  <u>Request for an evidentiary hearing regarding Jon Philip Carr's role as trial an appellate counsel</u>

As discussed in two previous Orders, (Doc. 28 and 37), one of Wilson's attorneys, Jon Philip Carr, was convicted of child molestation almost ten years after he represented Wilson at trial and almost eight years after he represented him during his direct appeal.  In March 2007, Carr was sentenced to serve twenty-five years in jail for four counts of child molestation (Doc. 25-5) and on June 4, 2007, his license to practice law was suspended.  *In re Carr*, 282 Ga. 138, 646 S.E.2d 252 (2007).  Wilson requests an evidentiary hearing to allow him "the opportunity to use these facts to develop a fair and accurate record for his claim of ineffective assistance of counsel."  (Doc. 36-1, Pet'r Br. at 9).  Wilson claims that "armed with the powerful cross-examination ammunition that he was lacking during state court proceedings, it is entirely possible that Carr will recant his prior testimony."  (Doc. 36-1, Pet'r Br. at 12).  Wilson also requests that Rafael Baker, Angela Johnson, Dr. Kohanski, and Mr. O'Donnell be allowed to testify at the evidentiary hearing because their previous testimony "conflicted with Carr's version of the facts."  (Doc. 36-1, Pet'r Br. at 12).  Wilson states that only after such a hearing would the Court "be in a position to assess the reasonableness of the Superior Court's

---

Court.  (Doc. 28, Order at 11-14); *see Moore v. Balkcom*, 716 F.2d 1511, 1518 (11th Cir. 1983). Moreover, to the extent that Wilson seeks to have this Court consider expert testimony and documentation regarding the alleged arbitrary imposition of the death penalty, the Supreme Court has explained that such arguments and documentation "are best presented to the legislative bodies," as opposed to the federal courts.  *McCleskey v.Kemp*, 481 U.S. 279, 319 (1987)(explaining that "[i]t is not the responsibility – or indeed even the right – of this Court to determine the appropriate punishment for particular crimes" and the legislatures, not the courts, are "better qualified to weigh and 'evaluate the results of statistical studies in terms of their own local conditions and with a flexibility of approach that is not available to the courts'")(*quoting Gregg v. Georgia*, 428 U.S. 153,186 (1976)).

finding of fact with regard to the sufficiency of counsel's mitigation investigation." (Doc. 36-1, Pet'r Br. at 12).

Wilson overlooks AEDPA's clear requirement that this Court's determination of the "reasonableness of the Superior Court's finding of fact" must be made only "in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).  The state habeas court adjudicated all of Wilson's ineffective assistance of counsel claims on the merits.  (Doc. 18-4, Resp't Ex. 90 at 10-40).  Therefore, this Court cannot grant relief unless Wilson establishes that the habeas court's decision "was contrary to, or involved an unreasonable application of" Supreme Court precedent or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  28 U.S.C. § 2254(d)(1)-(2).  The Court's review under both § 2254(d)(1) and (2) "is limited to the record that was before the" state habeas court and any "evidence introduced in federal court" would be irrelevant to the analysis.  *Pinholster*, 131 S. Ct. at 1398.  Therefore, this Court denies Wilson's request for an evidentiary hearing regarding Carr's role as trial and appellate counsel.

To the extent that Wilson claims the state habeas court did not adjudicate his ineffective assistance of counsel claims on the merits,[3] 28 U.S.C. 2254(e)(2) would

---

[3] Wilson does not actually allege that his ineffective assistance of counsel claims were not adjudicated on the merits.  He merely states that these claims have "not been fully and fairly presented to date."  (Doc. 36, Pet'r Br. at 9).  This Court has already found that these claims were "adjudicated on the merits in State court proceedings."  28 U.S.C. § 2254(d).  As the Court explained in its August 26, 2011 Order, Wilson's evidence that Carr was convicted of child molestation many years after he represented Wilson does not convert Wilson's ineffective

apply to his request for an evidentiary hearing.  The Court has already found that Wilson

was not reasonably diligent in presenting evidence of Carr's arrest and conviction when

his case was pending at the Butts County Superior Court.[4]  (Doc. 28, 37).  He had

almost three years after Carr's arrest and more than eighteen months after Carr's

conviction to raise in the state habeas proceedings the issue of whether Carr's crimes

impeached his credibility.  Yet, he never did so.  "Federal courts sitting in habeas are

not an alternative forum for trying facts and issues which a prisoner made insufficient

effort to pursue in state proceedings."  *Williams v. Taylor*, 529 U.S. 420, 437 (2000); *see

also McNair v. Campbell*, 416 F.3d 1291, 1298-30 (11th Cir. 2005)(holding that the

district court erred in grating an evidentiary hearing because the petitioner did not

diligently pursue an attempt to establish the factual basis of his ineffective assistance of

counsel claim in state court).

When a federal habeas petitioner fails to exercise reasonable diligence at the

state level to develop the factual record surrounding his claims, the only way the Court

can grant an evidentiary hearing is if the petitioner meets the strict requirements of

§ 2254(e)(2)(A) and (B).  Therefore, only if Wilson could show that his claim relies on a

new rule of constitutional law or a hidden factual predicate and "the facts underlying the

claim would be sufficient to establish by clear and convincing evidence that but for the

constitutional error, no reasonable factfinder would have found [him] guilty of the

---

assistance of counsel claims into new claims.  At most, it is impeachment evidence that
buttresses Wilson's argument that Carr should not be believed.  (Doc. 37, Order at 5-6).

[4] News of Carr's crimes broke after the state court evidentiary hearing, but long before the state
court ruled.

underlying offense," would he be entitled to an evidentiary hearing.  28 U.S.C. § 2254 (e)(2)(A)-(B).  Wilson has not made such a showing.

## III.   CONCLUSION

Based on the above, the Court **DENIES** Petitioner's Motion for Leave to Conduct an Evidentiary Hearing.

**SO ORDERED**, this 5th day of October, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT